Margaret M. J. Mangan, J.
By order dated August 31, 1964, the issue framed for trial by this court was whether the vehicle *577 which struck the claimants was insured or uninsured within the purview of the MVAIC endorsement.
The accident occurred on December 9, 1964, at 5:00 p.m., in the vicinity of Fordham Road and Bainbridge Avenue in The Bronx, when a car owned by Gerlo Manufacturing Co., Inc., and driven without its knowledge or consent by one Gilbert Santiago, was attempting to evade the pursuing police and struck the claimants.
The Gerlo car, a 1963 Chevrolet, was covered under a policy of liability insurance issued by the Sea Insurance Company (Policy No. 999 4252), which was in effect on the date of the accident. Said insurance company issued a disclaimer of coverage for nonpermissive use, and all proceedings brought by the claimants against both the owner of the car and the MVAIC were stayed pending resolution by this court of the issue of insurance.
Resolution of that issue is dependent upon whether Sigmund Hirsch, the president of Gerlo, complied with or violated the provisions of subdivision (a) of section 1210 of the Vehicle and Traffic Law when he parked the car on the morning of the accident. Subdivision (a) of section 1210 of the Vehicle and Traffic Law provides, inter alia, as follows: “ No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key ’ ’.
There is no dispute about the fact that Mr. Hirsch parked the car on Paul Avenue in The Bronx on December 9, 1964, at approximately 7:45 a.m., and that he stopped the engine and removed the key from the car. However, there is a dispute as to whether or not he locked the ignition before leaving the car unattended.
Gilbert Santiago, who was 16 years old at the time of the occurrence, testified that on December 9,1964, at about 1:00 p.m., he was walking along Paul Avenue when he noticed a car parked by the curb with its windows open, its doors unlocked and its ignition in the “off ” position. There was no key in the ignition, but Santiago testified that he was able to move the ignition switch from the “ off ” position to the “ start ” position without a key and that he did so and drove off in the car.
Mr. Hirsch, on the other hand, testified that when he parked the car on December 9, 1964, he turned the ignition switch to the “ lock ” position and he removed the key, closed the windows and locked the doors of the car. Mr. Hirsch conceded that the ignition switch on his car could be moved from the “ off ” position to the “ start ” position without a key. He also conceded *578 that there was no damage to the ignition or to the door of the ear when the car was returned to him by the police.
The testimony of Patrolman Platt, Detective Keefe and the deposition of Detective Tate (now deceased) confirm the fact that there was no evidence that force was used on the ignition or door of the car or that wires had been jumped to start the car. Moreover, when questioned after his arrest, Santiago first denied his guilt but later admitted that he took the car by manually moving the ignition from the “ off ” position to the “start” position. No master key, alligator clips or other burglar’s tools were found in the' car or in the possession of Santiago at the time of his arrest.
On all of the evidence adduced, I find that Mr. Hirsch parked his vehicle on a public street with the ignition unlocked, in violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. I further find that Gilbert Santiago took the car without permission and that, while operating said car, he struck the claimants-pedestrians.
Although the owner of a car is not liable at common law for injuries caused while his car is being operated by a thief, it has been held that the violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law gives rise to liability in favor of anyone injured as a consequence of such violation (Padro v. Knobloch, 28 Misc 2d 898; Kass v. Schneiderman, 21 Misc 2d 518; see also, Daggett v. Keshner, 284 App. Div. 733; Switzer v. Aldrich, 307 N. Y. 56). The Legislature recognized that auto larceny is basically a crime of opportunity and it enacted subdivision (a) of section 1210 to serve as a deterrent to theft and to help protect the public from injury due to the operation of ■motor vehicles by unauthorized persons.
Since the violation of subdivision (a) of section 1210 by Mr. Hirsch created the opportunity for the theft of the car and started the chain of unfortunate events which culminated in injury to the claimants, he and his employer are estopped from •denying responsibility for the operation of the car by Santiago.
Accordingly, I find that the alleged offending vehicle was not •uninsured within the meaning of the MVAIC endorsement and the claimants are permanently stayed from proceeding to •arbitration against MVAIC.
It follows that the claimants are entitled to pursue their negligence action against Gerlo Manufacturing Co., Inc., and Mr. Hirsch.