RICHARD GUASPARI, as Administrator of the Estate of YOLANDA GUASPARI, Deceased, Respondent, v. CHESTER M. GORSKY, Also Known as CHESTER M. GORSKI, Appellant.

KAREN GUASPARI, an Infant, by RICHARD GUASPARI, Her Father and Natural Guardian, Respondent, v. CHESTER M. GORSKY, Also Known as CHESTER M. GORSKI, Appellant.

RICHARD GUASPARI, Respondent, v. CHESTER M. GORSKY, Also Known as CHESTER M. GORSKI, Appellant.

Fourth Department, April 8, 1971.

*Edward J. Tyler (Donald L. Schoenwald* of counsel), for appellant in each action.

*Griffith & Pileckas (Paul L. Pileckas* of counsel), for respondent in each action.

DEL VECCHIO, J. P. This is an appeal by defendant in three actions from judgments for personal injuries, medical expenses, property damages, and wrongful death.

The actions arose out of an accident which occurred when an automobile owned by defendant Gorsky and operated by a thief, Donald Smith, collided with an automobile operated by plaintiff Richard Guaspari in which his wife and infant daughter were passengers. No question is raised concerning Smith's negligence in causing the accident. The actions against Gorski were based upon his failure to comply with the provision of subdivision (a) of section 1210 of the Vehicle and Traffic Law, which states: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle".

Plaintiffs, having recovered judgments, are entitled to the most favorable view of the evidence, including reasonable inferences which may be drawn therefrom. (*Owen* v. *Rochester-Penfield Bus Co.,* 304 N. Y. 457.)

Both dissenting Justices would reverse and grant a new trial upon the ground that the jury's finding that defendant left his keys in the ignition is against the weight of the evidence. One of them gives two additional grounds for reversal: (1) that the finding that violation of subdivision (a) of section 1210 was a proximate cause of the accident is also against the weight of the evidence, and (2) that the court erroneously charged that if defendant violated the provision of section 1210 such violation would constitute negligence.

With regard to the keys in the ignition, defendant testified that on June 28, 1969 between 10:00 and 10:30 P.M. he attended a V. F. W. field day event, parked his car adjacent to the fire barn, removed his keys from the ignition and continued to the field; his keys "were on a ring, chain affair, linked"; about one month previously he had put into the glove compartment

another set of keys belonging to his daughter, which were attached to a blue leather case. He also testified that his daughter's keys had been delivered to him by Mastrangelo, his friend and former neighbor who he said did not see him put the keys in the glove compartment. According to the version testified to by Mastrangelo, defendant's lifelong very good friend, he did see defendant put the keys in the glove compartment and that the alleged incident of delivery occurred about one week before the accident.

The thief Smith, age 17, testified that he and other boys hitchhiked and attended the field day event that evening, and at about 11:30 P.M. he and one of the other boys, age 16, discussed taking a car; that they went looking for one with keys in the ignition; that he looked into one or two cars before he found defendant's car with the keys in it and drove away. On direct examination he testified: "Q. All right now, where were the keys? A. I think they were in the ignition. Q. The keys were in the ignition? A. I think so. Q. What were you looking for when you were looking into these other cars? A. We were looking for if the keys were in the ignition. Q. You were looking for the keys in the ignition? A. Yes. Q. Your best judgment is that the keys of the Gorski [sic] car were in the ignition? A. Yes." On cross-examination: "Q. What did they look like? Was it a single key or several keys? A. I think there was a couple other keys on it. Q. On a ring or string or what? A. Ring. Q. Key ring? A. Yes."

The court charged that if the jury found as a fact that the keys were in the glove compartment Gorsky did not violate the statute and there would be no recovery, but if they found as a fact that the keys were in the ignition, then Gorsky violated the statute and, further, that such violation constituted negligence on his part, but before they could find liability against Gorsky by reason of violation of this statute, they must also find that the violation of the statute was the proximate cause of the damages.

Though the evidence was conflicting, its resolution was within the province of the jury. Only the jury is endowed with the right to pass on conflicting evidence, as well as credibility of witnesses. (*Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497, 505.) It may not be said that the evidence on that issue preponderates so greatly in favor of defendant that a jury could not have reached the finding on any fair interpretation of the evidence. (*Rapant* v. *Ogsbury*, 279 App. Div.

298.) In our opinion, the evidence was sufficient to support the finding that the keys had been left in the ignition switch.

With regard to the proximate cause of the accident, defendant argues that there was no proximate cause shown between the violation of subdivision (a) of section 1210 and the damages.

It is undisputed that the damages were sustained as a result of Smith's negligent use of defendant's stolen car. At common law the owner was not liable, as a matter of law, for the negligence of a thief, on the basis that the use of the car by the thief intervened between the occurrence of the negligence of the owner and the unskillful driving of the car by the thief. (*Lotito* v. *Kyriacus,* 272 App. Div. 635, mot. for lv. to app. dsmd. 297 N. Y. 1027; *Walter* v. *Bond,* 267 App. Div. 779, affd. 292 N. Y. 574; *Mann* v. *Parshall,* 229 App. Div. 366.)

In recommending the enactment of what is now subdivision (a) of section 1210 of the Vehicle and Traffic Law, the Joint Legislative Committee on Motor Vehicle Problems pointed to the lack of a statutory duty to lock the ignition and remove the ignition key when leaving a vehicle unattended. The proposed law included such a requirement, '' designed to obviate the risk of a vehicle moving from the place where it was left parked and possibly injuring the person and property of others as well as itself being damaged. It serves to lessen the likelihood of theft.'' (N. Y. Legis. Doc., 1954, No. 36, pp. 106–107).

The statute changed the prior case law and it is now clear that the intervention of an unauthorized person no longer operates to break the chain of causation. Its purpose is twofold: (1) as a public safety measure designed to protect life and property of others by conferring a cause of action upon anyone damaged as a consequence of its violation and (2) as a deterrent to theft. (*Matter of Smith* [*MVAIC*], 57 Misc 2d 576, mod. 34 A D 2d 629; *Padro* v. *Knobloch,* 28 Misc 2d 898; *Kass* v. *Schneiderman,* 21 Misc 2d 518.) It appears that a substantial number of States which have similar statutes and which have passed on this question have taken the position that the intervention of the third party does not operate to break the chain of proximate causation. (Ann. 51 ALR 2d 639–643.)

In *Stock* v. *Buff* (35 A D 2d 1076) we affirmed, without opinion, a judgment against a defendant who violated subdivision (a) of section 1210 of the Vehicle and Traffic Law. In that case the driver parked a car in a bus zone in front of a terminal behind a parked bus. It was undisputed that he left it unattended with the key in the ignition while delivering a package within the terminal. An unauthorized person entered the car

to move it and in doing so struck the back of the bus in which plaintiff was standing. Plaintiff was thrown to the floor and injured. In these circumstances the court directed a verdict of negligence and liability against the driver, based on the undisputed evidence of his violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. In so doing, the court decided as a matter of law (1) that the basic requirements of the section had been violated; and (2) that the alleged violation was a proximate cause of the accident and injury.

In the instant case the court did not charge that violation of the statute was a proximate cause as a matter of law but submitted that question to the jury. It charged that if the jury found that defendant was negligent in violating the statute, even though the plaintiffs' injuries were caused by the acts of Smith, defendant might be liable for those injuries if it made the further finding that a reasonably prudent person, situated as defendant was at the time and place involved, would have foreseen the possibility of a thief stealing his automobile if the keys were left in the ignition and would also have foreseen that a thief, having stolen the car, might have recklessly driven it, thereby endangering the lives of other people on the highway.

In light of this charge, and upon the record before us, disclosing that the V. F. W. field day event was attended by "infants", the jury was entitled to conclude that defendant's failure to remove the key from the ignition switch was one of the links of causation which resulted in damages to plaintiffs. (Cf. *Waldorf* v. *Sorbo,* 10 A D 2d 226, affd. 9 N Y 2d 703.) Under all the facts and circumstances we conclude that the issues of defendant's negligence and proximate cause were properly submitted to the jury and that the verdicts are supported by the proof. (*Connell* v. *Berland,* 223 App. Div. 234, affd. 248 N. Y. 641.)

With regard to the charge, it is contended that fundamental error requiring a new trial, even in the absence of an exception, was committed when the trial court charged that a violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law would constitute negligence, on the ground that the section referred to is inapplicable because defendant's car was not left on a highway or on a private road open to public motor vehicle traffic. The record, however, does not support this conclusion. None of the testimony establishes that the vehicle was left in a place other than a highway or private road open to public traffic. The case was tried on the theory that liability could attach to defendant if he violated subdivision (a) of

section 1210 by leaving his key in the ignition or other visible location within the vehicle. No suggestion was made by defendant's counsel at any point in the trial that section 1100 of the Vehicle and Traffic Law made section 1210 inapplicable because the vehicle was parked off a highway or private road. When the court charged the effect of a violation of subdivision (a) of section 1210, no exception was taken by defendant. Finally, no contention has been made on this appeal, either in the brief or on oral argument, that the location of the vehicle removed defendant's conduct from the ambit of the section charged. Of course, plaintiff has had no opportunity to respond to any such claim. In view of defendant's consistent failure to assert the inapplicability of subdivision (a) of section 1210, and the lack of affirmative proof which establishes such inapplicability, we do not believe this court should reach out and identify as fundamental error that portion of the charge, given without exception, which instructed on the statutory prohibition against leaving a vehicle unattended without removal of the key.

After the verdicts had been recorded defendant moved to set them aside " on the grounds that same are contrary to the weight of the evidence, contrary to the law of the case, particularly as relates to proximate cause, and in particular their finding of negligence on the part of Mr. Gorski [sic], contrary to the weight of credible evidence in this case." Decision on the motion was reserved. Four days later and after due deliberation the Trial Judge who saw and heard the witnesses refused to set the verdicts aside. We see no reason for disturbing that determination.

Accordingly, the judgments should be affirmed.

HENRY, J. (dissenting). The verdict is based on findings that when defendant parked his car he failed to comply with the provisions of subdivision (a) of section 1210 of the Vehicle and Traffic Law (which requires that upon leaving a car unattended the ignition must be locked and the key removed from it) and that such failure constituted negligence which was the proximate cause of plaintiffs' injuries. The trial court charged: " If you find, as a fact, that the keys * * * were in the glove compartment and that the ignition was locked at the time the car was entered by Smith and Brooks, this section of the law has not been violated by Mr. Gorski and there shall be no recovery by any of the plaintiffs ". Defendant and his witness Mastrangelo both testified that when defendant parked his car he removed the keys from the ignition and took them with him, and that another set of keys in a blue key case was left in the glove

compartment of the car. The only evidence to the contrary is the testimony of Smith that he and Brooks were talking about taking a car: "We found this car, keys were in it  *  *  *  I think they were in the ignition  *  *  *  I am not positive, no." Smith further testified that Brooks entered the car first and looked into the glove compartment, that "Yes, he was looking in the glove compartment", and it was possible that Brooks was in the car long enough to have found the keys and put them in the ignition.

In my opinion the jury's finding that defendant left his keys in the ignition is against the weight of the evidence.

In *Matter of Smith* (*MVAIC*) (34 A D 2d 629) the First Department in affirming denial of a motion for summary judgment said: "A violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law may result in the owner of the car being found guilty of negligence in the creation of an opportunity for the theft of the car. Yet the trier of the facts may further find that the acts of  *  *  *  the thief  *  *  *  were not the legal responsibility of the defendants herein.  *  *  *  A violation of the Vehicle and Traffic Law may still be found not to be the proximate cause of an accident." In my opinion the finding that violation of subdivision (a) of section 1210 was a proximate cause of the accident is also against the weight of the evidence.

"Where a thief puts in motion a vehicle left on a public street and injury or damage ensues, a majority of the cases have taken the position that the act of the thief prevented a finding' that the injury or damage was the proximate result of any prior negligence in the manner in which the vehicle was parked". (Ann. 51 ALR 2d 662, 663; see, also, *Ross* v. *Nutt*, 177 Ohio St. 113; *Hersh* v. *Miller*, 169 Neb. 517; *Corinti* v. *Wittkopp*, 355 Mich. 170; *Consiglio* v. *Ahern*, 5 Conn. Cir. 304; *Galbraith* v. *Levin*, 323 Mass. 255; *Anderson* v. *Theisen*, 231 Minn. 369.) The automobile owner leaving his car unlocked is not liable to third persons injured by the negligence of a thief who has taken and operated it unless the owner realizes that leaving the car unlocked involves an unreasonable risk of harm to another through the negligent or reckless conduct of the thief. (Restatement, Torts 2d, § 302 A.)

"The great majority have refused to hold the defendant liable, either with or without a car-locking ordinance  *  *  *  leaving a car unlocked certainly creates a foreseeable likelihood that it will be stolen, which endangers the interest of the owner; but is it so likely that the thief, getting away, will drive negligently, that there is any unreasonable risk of harm to anyone else?

\* \* \* The decisions are probably right in saying, no.'' (Prosser, Torts [3d ed.], p. 323).

In *Liney* v. *Chestnut Motors* (421 Pa. 26, 28) the court in holding that a car owner was not liable for damages caused by a thief driving the owner's car which had been parked with a key in the ignition said: '' Assuming also that the defendant should have foreseen the likelihood of the theft of the automobile, nothing existed \* \* \* to put it on notice that the thief would be an incompetent or careless driver.'' (see, also, *Richards* v. *Stanley*, 43 Cal. 2d 60, 65–66, 75–76).

Although defendant's car was not left upon a highway or upon a private road open to public motor vehicle traffic, where the provisions of section 1210 of the Vehicle and Traffic Law would apply (Vehicle and Traffic Law, § 1100), but was parked in a lot adjacent to an area where field day events were being performed, the trial court erroneously charged the jury that if defendant violated the provisions of section 1210 such violation would constitute negligence. While no exception was taken by defendant's counsel to the court's charge, the error was a fundamental one and we should take cognizance of it in the exercise of our power to reverse and grant a new trial in the interests of justice. (*Niagara Mohawk Power Corp.* v. *Ætna Ins. Co.*, 15 A D 2d 390, 394; *De Joseph* v. *Gutekunst*, 13 A D 2d 223, 226.)

MOULE, J. (dissenting). Plaintiff, individually and in his representative capacity, has recovered damages arising out of an accident in which the car he was operating was struck by a car owned by defendant and operated by Donald P. Smith without defendant's permission. Implicit in the verdict is a finding that defendant left his car unattended without locking the ignition and removing the key in violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law, and that this was negligence and a proximate cause of the accident. The court correctly charged the jury that if the ignition was locked and the key was in the glove compartment, defendant had not violated subdivision (a) of section 1210 of the Vehicle and Traffic Law and was not negligent.

Defendant testified that after he parked his car, he removed the ignition key and took it with him, but that another ignition key, belonging to his daughter, was in a blue key case in an unlocked glove compartment under some papers. He stated he had borrowed it from her about a month before the accident and had forgotten it was in the glove compartment, and that her key was in the ignition when he retrieved his car.

Defendant's witness, Mastrangelo, testified that some time

prior to the accident defendant had locked his ignition key in the trunk, and he obtained the blue case from defendant's daughter and took it to defendant and saw defendant put it in the glove compartment. He also testified that he was with defendant on the night of the accident and saw defendant remove his keys from the car and take them with him. A police officer testified that when defendant reported his car stolen, he had an ignition key with him.

The only evidence to the contrary was the testimony of Smith that he was looking for a car with keys in the ignition and thought defendant's key was in the ignition but was not sure. He also testified that a companion had entered the car first and was looking in the glove compartment when he got in the car, and it is possible that the companion found the key in the glove compartment and put it in the ignition.

Consequently, the jury's finding that defendant left his key in the ignition is against the weight of the evidence, and the verdict should be set aside and a new trial granted. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Westbrook* v. *Green Bus Lines*, 30 A D 2d 959; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.03; 8 Carmody-Wait 2d, New York Practice, § 62:6.)

MARSH and GABRIELLI, JJ., concur with DEL VECCHIO, J. P.; MOULE and HENRY, JJ., dissent and vote to reverse and grant a new trial in separate opinions.

Judgments affirmed, with costs.