Richard N. Donovan, J.
Defendant Abbott’s motion for summary judgment is granted.
Plaintiff was injured and damaged when a collision occurred between her car and a vehicle owned by defendant Abbott which had been stolen and was being driven by defendant Mahyna.
For the purposes of this decision, it is assumed defendant Abbott had left his keys in the ignition of his vehicle when it was parked in his garage which was attached to his home and located upon his private property several feet from the public thoroughfare. Mrs. Abbott heard the car being taken from the garage and observed it being driven from the driveway onto the public street in front of their home. She immediately called the police and the defendant was apprehended a few minutes later after the accident with the plaintiff. Defendant Abbott has submitted a police report which shows the theft was reported prior to the accident together with other information establishing *2 defendant Mahyna admitted theft of the automobile in a criminal proceeding.
Recognizing the fact the car was taken from private property rather than a public thoroughfare, plaintiff attempts to establish a cause of action against Abbott by relying upon the decisions in Guaspari v. Gorsky (36 A D 2d 225) and Watts v. Colonial Sand & Stone Co. (31 N Y 2d 685). In each case, the court considered the private property to be property used for vehicular traffic as either a private road or marginal street in allowing a cause of action. This court does not find those citations to be applicable but rather agrees with and makes a similar finding to that made by the court in General Acc. Group v. Noonan (66 Misc 2d 528).
Defendant Abbott shall submit an order in accordance with this decision dismissing the complaint against him.