James F. Niehoff, J.
On June 16, 1967 at about 8:30 p.m. the plaintiff was struck by an automobile owned by defendant Leon Schekter. The automobile was being driven by defendant Samuel Brannon, Jr., a juvenile under the age of 14 years, who had stolen the vehicle from a privately owned parking lot, called Louie’s, located near the Manhasset Long Island *339 Railroad Station where defendant Leon Schekter, a commuter, had left it earlier in the day. According to the trial testimony of Brannon’s accomplice, one Coletrain, the vehicle was unattended at the time of the theft with the key in the ignition. It appears that the parking lot attendant who had been there when the car was brought in had left for the day.
Plaintiff having rested, the defendant Schekter now moves to dismiss the complaint claiming that plaintiff has failed to prove a prima facie case.
At common law the owner of a stolen vehicle was not liable, as a matter of law, for the negligence of a thief on the basis that the use of the car by the thief intervened between the occurrence of the negligence of the owner and the unskillful driving of the car by the thief (Lotito v Kyriacus, 272 App Div 635, mot for lv to app dsmd 297 NY 1027; Walter v Bond, 267 App Div 779, affd 292 NY 574; Mann v Parshall, 229 App Div 366). Hence, plaintiff’s first cause of action based upon the theory that the defendant Schekter was guilty of common-law negligence must be dismissed.
The remaining question in the case is whether the conduct of defendant Leon Schekter, the car owner, constituted a violation of the "key in the ignition” statute, namely, subdivision (a) of section 1210 of the Vehicle and Traffic Law. At the time of the events herein that statute read as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon and, when standing upon any grade turning the front wheels to the curb or side of the highway.”
Section 1210 is found under article 33 of title 7 of the Vehicle and Traffic Law. Section 1100 of the Vehicle and Traffic Law provides that the provisions of title 7 "apply upon highways and upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section.” No instance of exception is pertinent in this case. Accordingly, only if Louie’s Parking Lot is either a "highway” or a "private road open to public motor vehicle traffic”, is subdivision (a) of section 1210 breached.
A "highway” is defined as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel”. (Vehicle and Traffic Law, § 118.)
*340 Similarly, a "public highway” is defined as "Any highway, road, street, avenue, alley, public place, public driveway, or any other public way”. (Vehicle and Traffic Law, § 134.)
It is clear to me that Louie’s Parking Lot cannot be classified as a "highway”.
Likewise it is clear to me that Louie’s Parking Lot cannot be classified as a private road. "Private road” is defined in section 133 of the Vehicle and Traffic Law, as: "Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons”. (Emphasis supplied.)
In a discussion of this proposed definition, found in the Report of the New York State Joint Legislative Committee on Motor Vehicle Problems (NY Legis Doc, 1954, No. 36) one is referred to sections 110 and 118 of the proposed law to glean what was intended by the definition. Comments to section 110 (now § 1100 of the Vehicle and Traffic Law) state (p 32) "Section 110 would also apply the title to any private road (as defined in Section 100, subdivision 35) which is open to public motor vehicle traffic, but not to closed private roads or other private property” (emphasis added). And, in comments to section 118 (now § 1601 of the Vehicle and Traffic Law) it is stated (p 47) that "the criterion for the coverage of private roads established by the proposed law is whether or not the private road is 'open to public motor vehicle traffic’. If it is, then the proposed law applies. If it is 'used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons’ then it is not covered.”
In no fair sense was Louie’s Parking Lot open to public motor vehicular traffic.
From these statutes it is plain that the "key in the ignition” provision does not apply to a car in a privately owned parking lot. The road or the way must in some way be public in nature for subdivision (a) of section 1210 to be applicable.
Recognizing the fact that the car was taken from private property rather than a public thoroughfare, the plaintiff attempts in his memorandum of law to establish the right to recover against defendant Leon Schekter by citing the decisions in Guaspari v Gorsky (36 AD2d 225) and Watts v Colonial Sand & Stone Co. (31 NY2d 685). However, as Mr. Justice Richard N. Donovan pointed out in Johnson v Mahy *341 na (74 Misc 2d 1, 2), in each of those cases the court considered the private property to be property used for vehicular traffic as either a private road or marginal street in sustaining a cause of action.
Moreover, in the Guaspari case no suggestion was made by defendant’s counsel at any point in the trial that section 1100 of the Vehicle and Traffic Law made section 1210 inapplicable because the vehicle was parked off a highway or private road and when the court charged the effect of a violation of subdivision (a) of section 1210 no exception was taken by defendant, so that the applicability of the statute to the locus where the vehicle was parked was not even put in issue at the trial, as it is in the case at bar.
In the Watts case (supra) the Court of Appeals underscored the fact that it was upholding the verdict for plaintiff because subdivision (a) of section 1210 applied (p 687) "to the subject street, a marginal street.” In the present case, it is not even argued that Louie’s Parking Lot be classified as a marginal street.
It is true that in his opinion in the Watts case the Trial Justice mentioned, by way of dictum, that for some purposes a parking field has been construed to be a street or highway. However, the cases cited by the Trial Justice do not involve the applicability of the Vehicle and Traffic Law and there is no reported case construing a parking field to be a highway or street for the purposes of subdivision (a) of section 1210. What is more, when the Court of Appeals found it necessary or advisable to write an eight-line memorandum opinion of affirmance in that case, it took pains to emphasize that what was involved therein was "the subject street, a marginal street.” It seems to me that in so doing the Court of Appeals was making it abundantly clear that its ruling was based upon that narrow ground. There is no sound basis for concluding that the Trial Justice’s dictum played any role in the affirmance.
It must also be borne in mind that subdivision (a) of section 1210 is not only regulatory but is punitive in nature for under the statute a violation may result in a fine of not more than $50 or 15 days’ imprisonment or both. (Vehicle and Traffic Law, § 1800, subds [a], [b].) That being so, it should not be extended to apply to a situation not clearly encompassed by its language.
I recognize that the same harm may ultimately result *342 whether the car is left parked on a public highway or in a private parking field where the attendant has gone off duty. However, the Legislature has specifically chosen language which in my judgment is not broad enough to include a privately owned parking lot. Furthermore, as Mr. Justice Harnett pointed out in General Acc. Group v Noonan (66 Misc 2d 528) (wherein he held subdivision (a) of section 1210 inapplicable to a private driveway) where the property in question is private in nature there are competing public considerations of at least equal significance.
I also note that in People v Haulenbeek (67 Misc 2d 57) the court held that the operation of a motorcycle on a private parking lot, although used by the public, was not a violation of the Vehicle and Traffic Law Section prohibiting operating a motorcycle on a public highway without a license.
In sum, then, in my opinion for subdivision (a) of section 1210 (which is not only regulatory but punitive in nature) to apply to a privately owned parking lot requires legislative language quite explicit to that effect, especially in view of the traditional application of the Vehicle and Traffic Law to the public highway system.
Under the circumstances of this case, the plaintiff, an innocent and unfortunate victim of the thieves’ misconduct, must look to the uninsured motorists endorsement of his own insurance policy.
For the foregoing reasons, as well as others stated by counsel for defendant Leon Schekter in his motion to dismiss, the motion to dismiss the second cause of action against defendant Leon Schekter is granted.
The action as against defendant Samuel Brannon, Jr., is severed and continued.
The third-party complaint of defendant Schekter against Louie’s Parking Lot, et al., falls with the dismissal of the complaint against defendant Schekter and is hereby dismissed.