Harold H. Hymes, J.
The plaintiff is suing to recover for property damage to his automobile.
On the evening of April 3, 1977, the plaintiff parked his Oldsmobile automobile on a street next to a city park. He locked his car and left. The defendant thereafter parked her car immediately to the rear of the plaintiff’s alongside the curb, locked her car and with her family also left the vehicle. Some time later the plaintiff returned to his car and found a note on the windshield telling him that the car to his rear had hit his parked automobile and that he should contact the police department.
When the defendant returned to her automobile, she found that the right wheel of the car was over the curb onto the grass and that the window had been smashed. There was also a note on her car that she should contact the police department. Upon doing so, she learned that someone had broken her car window, had entered her automobile and had tried to steal the CB radio in the car. Also, she learned that in the process of this attempted theft, the culprit had moved her car forward so that it struck the plaintiff’s automobile, which was parked ahead of her.
The police officer who was called to the scene by a witness who saw the attempted theft, testified that he was unable to apprehend the thief, but that the right wheel of the automobile was over the curb and there was evidence that the front of the defendant’s automobile had struck the rear of the plaintiff’s automobile. He further stated that he entered the defendant’s car and tried to start the motor; that he was able to do so by turning the ignition switch even though there was no key visible. However, when he stopped the motor and turned the key to the locked position he was unable to start the motor again.
The defendant testified that in February of this year the ignition key had broken and the stem of the key was still in the ignition. However, she was able to start and stop the motor by putting the head of the key into the ignition lock and turning it on and "off. She stated that she was unable to turn the motor on or off unless she used the head of the key *432 which she had in court and which she displayed to the court. No one explained how the thief was able to start the defendant’s car so that it struck the rear of the plaintiff’s automobile.
Subdivision (a) of section 1210 of the Vehicle and Traffic Law states, "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brakes thereon * * * provided, however, the provisions for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency.” (Emphasis added.) The Legislature enacted this law as a deterrent to theft and to help protect the public from injury due to the operation of motor vehicles by unauthorized persons. (Report of Joint Legislative Committee on Motor Vehicle Problems, NY Legis Doc, 1954, No. 36, pp 106-107.)
The courts of this State have declared that a violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law is negligence. If such violation is shown to be a proximate cause of the accident, then the intervention of an unauthorized third party in the operation of the vehicle will not bar a recovery against the defendant owner. (Guaspari v Gorsky, 36 AD2d 225; Padro v Knobloch, 28 Misc 2d 898; Kass v Schneiderman, 21 Misc 2d 518.)
However, the defendant contends that even though part of the key was in the ignition, it was not visible to the thief and that therefore the statute was not violated and she was not guilty of negligence as a matter of law. Her contention would seem to be supported by the exception in the statute which provides that "keys [may be] hidden from sight * * * for convenience or emergency”.
Nevertheless, the questions of fact before the court are whether the defendant complied with those provisions of the statute which required "locking the ignition” and "removing the key from the vehicle”. It is generally known that in most late-model automobiles, a key cannot be removed from the ignition until it has been placed in the "locked” position. Because the stem of the key was left in the ignition, even though invisible, it allowed the operator of the automobile to stop the motor and leave the ignition in the "off” position without putting the ignition in the "locked” position. This was apparently the situation that occurred when the defendant *433 parked the automobile on this occasion. The officer testified that he was able to start the motor by merely turning on the ignition without the key being visible. But when he turned off the motor and put the ignition in the "locked” position, he was unable to restart the motor. The proof that the motor was able to be started without the insertion of the head of the key was sufficient to establish that it was not locked, as the statute required. (Matter of Smith [MVAIC], 57 Misc 2d 576.)
It is clear from the evidence that the damage to the plaintiff’s automobile was the proximate1 result of the defendant’s negligence to repair the ignition of her car when she broke the key in the ignition in February. From that time on, a portion of the key remained in the ignition, and she was at all times thereafter in violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. Removing only the head of the broken key from the vehicle did not satisfy the statute.
I, therefore, find the defendant guilty of negligence, which was a proximate cause of the damages.
Damages were stipulated in the amount of $249.60. Judgment is awarded to the plaintiff against the defendant in the amount of $249.60, together with disbursements.