■ ANTHONY G. FANTASIA, Appellant, v CARPENTERS' FINGER LAKES DISTRICT COUNCIL WELFARE FUND et al., Respondents.—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff, a member of defendant Carpenters' Finger Lakes District Council, became eligible under its health benefit plan (defendant, Welfare Fund) for insurance benefits by payment of a stipulated sum to fulfill a minimum 1,000-credit hour requirement. Subsequent to making payment but prior to a mandated 30-day waiting period, plaintiff suffered a coronary seizure. Medical and hospital costs incurred during the waiting period were paid by the plaintiff. A certificate of eligibility effective January 1, 1977 was received from defendant Welfare Fund certifying plaintiff and his family for benefits. Thereafter, plaintiff underwent an angiogram which disclosed a condition requiring plaintiff to have a coronary by-pass operation. Defendant Welfare Fund assured hospital officials that plaintiff was covered as an insured under the welfare benefit plan. By communication dated February 1, 1977 defendant Welfare Fund advised the hospital of the basic and major medical benefits which would be paid by the fund on behalf of the plaintiff. In reliance thereon plaintiff underwent the coronary by-pass operation and incurred substantial medical and hospital expenses. Upon his discharge from the hospital, defendant notified plaintiff that his sickness insurance policy had been rescinded based on receipt by the fund of disability benefits for plaintiff which indicated his inability to work on the effective date of eligibility. Defendant maintains that a provision in the eligibility rules requires a member be actively at work or available for work on the date the insurance becomes effective. Plaintiff commenced this action seeking monetary damages for his medical expenses. Defendant's answer contained a general denial and counterclaim seeking recovery of benefits paid for the angiogram. A motion for summary judgment by the defendant was granted, dismissing the complaint and awarding defendant $891.37 on its counter-

claim. It is from this judgment that plaintiff appeals. It is well established that summary judgment should be denied where there is any significant doubt as to the existence of a material, triable issue of fact *(Phillips v Kantor & Co.,* 31 NY2d 307). The motion should be denied if any party shows facts sufficient to require a trial of any issue of fact (CPLR 3212, subd [b]). This action is based on an alleged breach of contract and equitable estoppel. Defendant contends that the contract must be rescinded based upon a mutual mistake; plaintiff asserts that there are serious questions of fact as to the interpretation of the eligibility requirements. We note that the provision of the fund relied upon by defendant is contained within a clause entitled "Subsequent Eligibility". The claim herein, however, may be valid within the rules entitled "Initial Eligibility". This creates doubt constituting a triable issue. Furthermore, defendant's reliance solely upon the wording of the agreement without any evidence of the interpretation thereof is insufficient to grant summary judgment in view of plaintiff's showing of issues of fact and equitable estoppel. The key to summary judgment is issue finding rather than issue determination. *(Lonero v Kewaunee Scientific Equip. Corp.,* 69 AD2d 852). It appearing that there are genuine triable issues of fact, it was improper for Special Term to dismiss the complaint and grant summary judgment to the defendant on its counterclaim. (Appeal from order of Cayuga Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.