■ RAYMOND P. SHEA et al., Appellants, v ROBERT A. JOHNSON, Defendant, and OLIN M. AVERY, Respondent. PEGGY A. SHEA, Appellant, v ROBERT A. JOHNSON, Defendant, and OLIN M. AVERY, Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs appeal from an order granting summary judgment in favor of defendant Avery. Plaintiffs were seriously injured when Robert Johnson stole defendant Avery's automobile and was involved in a head-on collision with them on August 15, 1980 in the Town of Benton. They commenced suit against Avery alleging that he was liable for negligence both under common law and under subdivision (a) of section 1210 of the Vehicle and Traffic Law for leaving the keys in the ignition of his unattended automobile parked on a public highway. While Special Term properly determined that the complaint failed to state a cause of action for common-law negligence (*Lotito v Kyriacus,* 272 App Div 635, mot for lv to app dsmd 297 NY 1027; *Walter v Bond,* 267 App Div 779, affd 292 NY 574), it erred in granting summary judgment on plaintiffs' negligence claim under subdivision (a) of section 1210 of the Vehicle and Traffic Law (*Catanese v Whitlow,* 59 AD2d 1057; *Podstupka v Brannon,* 81 Misc 2d 338, affd on opn at Trial Term 54 AD2d 692). ¶ The police complaint report contained an admission by defendant that his car was parked in front of his house, unlocked, with the keys in the ignition when it was stolen. While defendant admits to having left the car unattended with the keys in the ignition, he denies the report's accuracy as to where he said the vehicle was parked. He contends that he told the police the car was parked in his private driveway and, further, that if he said that the car was parked in front of the house, he merely meant that, as it was parked, it extended beyond the front side of the house. ¶ Special Term erroneously concluded that the admission contained in the police report was insufficient to raise the existence of a triable issue of fact concerning where the vehicle was located. Issue finding not issue determination is the function of summary judgment (*Fantasia v Carpenters' Finger Lakes Dist. Council Welfare Fund,* 73 AD2d 799; Siegel, NY Prac, § 278). Defendant's admission, recorded in police business records, was available for plaintiffs' use as evidence-in-chief

in establishing negligence under the statute (*Iannielli v Consolidated Edison Co.,* 75 AD2d 223; see, also, *Kelly v Wasserman,* 5 NY2d 425; cf. *Johnson v Lutz,* 253 NY 124). The relative weight to be accorded the admission in light of his subsequent explanation is properly determined by a jury. Where material facts are in dispute, or where different inferences may reasonably be drawn from facts themselves undisputed, the case must go to trial and summary judgment be denied (*Gerard v Inglese,* 11 AD2d 381). (Appeal from order of Supreme Court, Niagara County, Broughton, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.