■ GARY GEE, an Infant, by His Mother and Natural Guardian, MINNIE CRISP, et al., Appellants, v RICHARD GEE, Defendant, and ARNOLD BUICK, Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated February 8, 1984, which granted defendant Arnold Buick's motion for summary judgment dismissing the action insofar as it is asserted against it.

Order affirmed, without costs or disbursements.

In the within action, which arises out of an automobile accident resulting in personal injuries to plaintiffs, the claim against defendant Arnold Buick rests upon its ownership of one of the vehicles involved in the accident and its consent and permission, express or implied, to the operation of such vehicle (Vehicle and Traffic Law § 388 [1]). A strong presumption of the owner's consent arises from the use or operation of a motor vehicle, and that presumption continues until there is

substantial evidence to the contrary *(Leotta v Plessinger,* 8 NY2d 449; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, *affd* 50 NY2d 958 *for reasons stated in App Div mem).*

In this case, the motor vehicle owned by Arnold Buick had been reported stolen on June 11, 1982, some four days prior to the accident. At the time of the accident the driver of defendant Arnold Buick's vehicle fled the scene, and the vehicle's license plates were found to have been switched. On December 30, 1982, plaintiff Gary A. Gee was indicted for grand larceny in the second degree for the theft of a vehicle from Arnold Buick "on or about June 9, 1982 through June 11, 1982"; he was subsequently convicted and sentenced for that crime. Therefore, there is no factual issue to be resolved with respect to whether the operator of such vehicle was using it with the consent of the owner, defendant, Arnold Buick *(see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681).

However, plaintiffs, in opposition to defendant Arnold Buick's motion for summary judgment, contended that questions of fact existed as to whether the vehicle was taken from a public street, and if so, whether the use of keys given to a person using the car and leaving it on a public street made defendant Arnold Buick liable (Vehicle and Traffic Law § 1210). While plaintiffs' complaint does not set forth a cause of action based upon a violation of Vehicle and Traffic Law § 1210, a motion for summary judgment is to be determined without regard to technical defects or deficiencies in the pleadings. Therefore, if a party's submission in opposition to the motion provides evidentiary facts making out a cause of action, summary judgment is to be denied *(Javitz v Slatus,* 93 AD2d 830; *see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). However, absent a showing that there exists evidence which serves to establish statutory liability in this case, the complaint against defendant Arnold Buick should be dismissed. Plaintiffs' argument is wholly speculative and without support in the record, and they offered no evidentiary proof upon which liability could be imposed upon defendant Arnold Buick.

Finally, the argument by plaintiffs in favor of adopting a new common-law rule to the effect that the defendant Arnold Buick was under a duty to take reasonable precautions to prevent the theft of its automobiles under the circumstances here presented has no merit *(Epstein v Mediterranean Motors,* 109 AD2d 340).

Appellants' remaining contentions have been considered

and are without merit. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.