OPINION OF THE COURT
Nicholas A. Clemente, J.
On September 5, 1983, Lisa Delfino was injured when a jeep in which she was a passenger was involved in an accident at the intersection of 9th Avenue and 65th Street in Brooklyn. The jeep was operated by defendant Sandro Ranieri and owned by defendant Max Rosenberg.
About one month later, Lisa, an infant, commenced this action by her mother against Sandro Ranieri and Max Rosenberg. The complaint alleges that the jeep was driven by Ranieri with the consent of Rosenberg and that because of defendants’ negligence, plaintiff suffered damages. A second derivative cause of action is asserted on behalf of Lisa’s mother.
Thereafter, defendant Rosenberg interposed an answer dated January 18, 1984 alleging as an affirmative defense that the jeep was not in his control at the time of the accident since it had been stolen prior thereto on September 3, 1983.
Examinations before trial were held. Lisa at her examination before trial testified that she saw a key in the ignition while she was in the jeep (with Ranieri). Ranieri, at his examination before trial, testified that the accident occurred at 11:50 p.m. on September 5, 1983; that he had first entered the jeep earlier that day at 5:00 a.m.; that he had no keys to the jeep; that the ignition where the key would go was not in place and that he had thereafter pleaded guilty to attempted unauthorized use of a vehicle.
Rosenberg now moves for an order pursuant to CPLR 3212 granting him summary judgment against plaintiffs and his codefendant Ranieri. In support of the motion, it is contended that the vehicle involved in the accident was reported stolen two days before the accident; that under Vehicle and Traffic Law § 388 (1),* an owner is liable for an operator’s negligence only if the use by the operator was permissive; and that *602 Ranieri’s plea of guilty to unauthorized use of movant’s jeep established the lack of permission. Thus, Rosenberg maintains that there are no issues of fact since there is no reasonable basis to hold him liable for Ranieri’s actions and, accordingly, summary judgment should be awarded to him.
Plaintiffs, in opposing the motion, point to testimony elicited at the examinations before trial that shows that Rosenberg had loaned the jeep to his brother prior to its theft and that his brother may have left the key in the vehicle before it was stolen. Plaintiffs posit that a failure to properly secure the vehicle by Rosenberg’s brother would constitute a violation of the key removal requirement of Vehicle and Traffic Law § 1210. They further argue that Rosenberg has not met his burden of proof on the issue of lack of permissive use and that summary judgment should be denied. While not clearly stated, plaintiffs seem to argue that if Rosenberg’s brother left a key in the jeep and the jeep was stolen, its owner would be liable for the negligence of the person driving the stolen vehicle two days after the theft.
As indicated, plaintiffs in adopting this approach rely upon Vehicle and Traffic Law § 1210 (a) which provides: "(a) No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway, provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency.”
At the outset it must be stated that ordinarily Rosenberg would be absolved of the responsibility vicariously imposed by Vehicle and Traffic Law § 388.
In Albouyeh v County of Suffolk (96 AD2d 543, 544, affd 62 NY2d 681), the Appellate Division stated: "Subdivision 1 of section 388 of the Vehicle and Traffic Law imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his permission. That section gives rise to a presumption that the vehicle is being operated with the owner’s consent (see Leotta v Plessinger, 8 NY2d 449, 461; Aetna Cas. & Sur. Co. v Brice, 72 AD2d 927, affd for reasons stated in mem at App Div 50 NY2d 958). The presumption of consent has been characterized as 'very strong’ and continues *603 until there is substantial evidence to the contrary (see Leotta v Plessinger, supra; Aetna Cas. & Sur. Co. v Brice, supra; Blunt v Zinni, 32 AD2d 882, 883). In the instant case * * * [where] the automobile was stolen, there is no factual issue to be resolved with respect to whether [the thief] used the vehicle with the consent of the * * * owner (see General Acc. Group v Noonan, 66 Misc 2d 528; cf. Santorio v Diaz, 86 AD2d 926; Phoenix v Bolton, 59 AD2d 464, 467).”
The exact same analysis is, however, not appropriate at bar. While there is no question that Ranieri came into possession of the car as a result of its theft and thus, it may be determined, as a matter of law, that the presumption of section 388 is overcome as far as the relationship between the defendants is concerned, nevertheless, there may be liability based upon the possible statutory violation by Rosenberg’s brother. In effect, a violation of Vehicle and Traffic Law § 1210 by the brother may make Rosenberg responsible to the plaintiffs pursuant to Vehicle and Traffic Law § 388.
The motion for summary judgment thus resolves itself into (1) whether there is an issue of fact concerning plaintiffs’ apparent claim that Rosenberg or someone to whom he lent the jeep left a key in it prior to its theft; and, if so, (2) whether such issue requires the denial of the motion.
It is quite evident that there is an issue of fact herein, despite the agreement on the issue by defendants, who have adverse interests. Rosenberg presented an affidavit from his brother Frank (who was the last one to have possession of the jeep prior to its theft) unequivocally denying that keys were left in the jeep. Ranieri’s testimony at his examination before trial also indicates that no keys were found in the jeep. Standing against this evidence is Lisa’s testimony at her examination before trial that she saw a key in the ignition. While plaintiffs’ proposition as to the key seems conveniently tailored to hold Rosenberg in, they have presented a question of fact which necessitates denial of summary judgment if section 1210 applies (cf. Shea v Johnson, 101 AD2d 1018).
At common law, the owner of a stolen vehicle was not liable for the negligence of the thief because the use of the vehicle by the thief intervened between the occurrence of any negligence by the owner and the thief s unskilled driving (Epstein v Mediterranean Motors, 109 AD2d 340, 343; Zwerdling v Gillis, 99 AD2d 564; Albouyeh v County of Suffolk, supra; Beck v Coby, 58 AD2d 565). Vehicle and Traffic Law § 1210 was *604 adopted to invoke responsibility under certain circumstances despite the negligence being by a car thief. In explaining section 1210, Guaspari v Gorsky (36 AD2d 225, 228) stated: "The statute changed the prior case law and it is now clear that the intervention of an unauthorized person no longer operates to break the chain of causation. Its purpose is twofold: (1) as a public safety measure designed to protect life and property of others by conferring a cause of action upon anyone damaged as a consequence of its violation and (2) as a deterrent to theft. (Matter of Smith [MVAIC], 57 Misc 2d 576, mod. 34 A D 2d 629; Padro v. Knobloch, 28 Misc 2d 898; Kass v. Schneiderman, 21 Misc 2d 518.) It appears that a substantial number of States which have similar statutes and which have passed on this question have taken the position that the intervention of the third party does not operate to break the chain of proximate causation. (Ann. 51 ALR 2d 639-643.)”
So it is that the courts have come to recognize that the victim of a vehicle theft may be liable under section 1210 to the victim of the thiefs negligence. This is indicated by cases such as Brennan v City of New York (108 AD2d 834); Shea v Johnson (supra); Zwerdling v Gillis (supra); Albouyeh v County of Suffolk (supra); Banellis v Yackel (69 AD2d 1013, affd 49 NY2d 882); Beck v Coby (supra); Guaspari v Gorsky (supra).
While section 1210 may have changed case law so that "the intervention of an unauthorized person no longer operates to break the chain of causation” (Guaspari v Gorsky, supra, p 228), nevertheless, it has not abrogated the rules as to proximate cause. It must be remembered that a violation of the Vehicle and Traffic Law may still be found not to be a proximate cause of an accident (Matter of Smith [MVAIC] 34 AD2d 629, 630). Moreover, for a violation of Vehicle and Traffic Law § 1210 (a) to warrant imposition of liability, it must be shown that the violation was a proximate cause of the accident (Zegarelli v Colp, 91 Misc 2d 430, 432).
Thus, plaintiffs’ success in presenting a question of fact as to whether there was a key left in the ignition requires further inquiry as to whether, as a matter of law, the lapse of two days from the time of the theft to the time of the accident (even if Rosenberg or someone to whom he had loaned the jeep, left a key in the ignition) mandates a finding that Rosenberg’s negligence was not the proximate cause of Lisa’s injuries.
Unfortunately, in all of the previously cited cases, no court *605 has specifically addressed the issue of the effect of the passage of time from the theft to the accident (cf. Ann., 45 ALR3d 787, 807-808). In fact, only one case, Gee v Gee (113 AD2d 736), sets forth a scenario showing an extensive lapse of time (four days) from theft to accident and there the defendant whose vehicle was stolen was granted summary judgment.
When we are dealing with a length of time, it is apparent that the connection between the negligence of leaving a key in the ignition and the thief getting into an accident must become at some point so attenuated as to relieve a defendant of responsibility. In my view, such point was reached by the lapse of two days between the theft and the negligence. While the leaving of a key in the ignition might support the imposition of liability because it facilitated the theft, nevertheless, this theoretical underpinning for liability must grow weaker as time intervenes between the theft and the accident. By way of absurd example, to hold otherwise would be to impose liability upon a vehicle owner when the accident happened a year after a theft in which a key was left in the ignition (Corinti v Wittkopp, 355 Mich 170, 93 NW2d 906). It is unreasonable to conclude that the Legislature intended that someone who leaves a key in a car that is stolen becomes effectively, regardless of circumstance, the liability insurer for the thief.
In reaching these conclusions, the court has not and need not consider at what point of elapsed time proximate causation between the left key and the thief’s negligent driving comes to an end. Certainly if the thief is involved in an accident as he is making a getaway with the stolen vehicle, there is no question that the matter should not be summarily denied (Davis v Thornton, 384 Mich 138, 180 NW2d 11). To reiterate, the only conclusion is that, as a matter of law, the lapse of two days herein negates any proximate cause between the theft and the accident.
While Gee v Gee (supra) did not address the elapse of time issue, it is nevertheless supportive of the result reached here. In Gee v Gee (supra) defendant’s vehicle was reported stolen on June 11, 1982, four days prior to the accident. Plaintiffs in opposing the motion for summary judgment contended that questions of fact existed as to whether the vehicle was taken from a public street, and if so, whether the use of keys given to a person using the car and leaving it on a public street made the defendant liable. In rejecting plaintiffs’ approach and granting defendant summary judgment, the court stated *606 that "Plaintiffs’ argument is wholly speculative and without support in the record, and they offered no evidentiary proof upon which liability could be imposed upon defendant” (113 AD2d 736, 737, supra). Similarly, here, to impose liability on Rosenberg would involve a wholly speculative consideration of proximate causation.
Finally, it must be reiterated that to impose liability on the owner of a stolen vehicle because a key was left in it, is in derogation of the common law (Albouyeh v County of Suffolk, 96 AD2d 543, affd 62 NY2d 681, supra). A statute which creates liability where none existed before must be strictly construed (McKinney’s Cons Laws of NY, Book 1, Statutes § 301, p 466). Applying this principle to section 1210 makes it clear that while traditional common-law concepts of proximate causation have been altered where a key has been left in the vehicle such concepts have not been entirely vitiated. The statute cannot be interpreted so as to require no connection between the leaving of the key and the accident.
Accordingly, defendant Rosenberg’s motion for summary judgment is granted.

 Vehicle and Traffic Law § 388 (1) provides: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”