■ DIANA CLAY, Respondent, v RUBY MOSS, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated September 28, 1990, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

It is not disputed that the defendant's vehicle was stolen from a public street and that the theft was immediately reported to police. The plaintiff thus concedes that the defendant is not liable for injuries she sustained when she was struck by the defendant's vehicle, driven by an unapprehended individual, unless the defendant violated Vehicle and Traffic Law § 1210 *(see,* Vehicle and Traffic Law § 388; *see also, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681).

The defendant's testimony at her deposition that she did not

leave her keys in the car on the day it was stolen was sufficient to shift to the plaintiff the burden of coming forward with some proof that the defendant violated Vehicle and Traffic Law § 1210 *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff failed to do so *(see, Albouyeh v County of Suffolk, supra).* Therefore, the defendant's motion should have been granted. Bracken, J. P., Harwood, Miller and Copertino, JJ, concur.