■ DOMENICO DEVELLIS, Appellant, v CIRO LUCCI et al., Respondents, et al., Defendants. [697 NYS2d 337] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated October 23, 1997, which granted the motion of the defendants Ciro Lucci, Kristen Lucci, Linda Lucci, and Book Auto Leasing, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff sustained serious injuries when the van that he was operating was struck by a Nissan automobile operated illegally by the infant defendant Michael Lazaro. The Nissan vehicle had been leased by the defendant Book Auto Leasing, Inc., to the defendant Ciro Lucci, who in turn had authorized the defendants Kristen Lucci and Linda Lucci to operate it. The vehicle was stolen 24 days prior to the date of the accident, after Kristen Lucci had driven it to school and left it parked on a public street adjacent to the school campus. She reported the vehicle stolen on the same day. Prior to that date, the last person to operate the vehicle was Linda Lucci. The plaintiff commenced an action, *inter alia*, against the respondents, alleging that they had negligently permitted the vehicle to be stolen. The respondents subsequently moved for summary judgment, and the Supreme Court granted the motion. We affirm.

The respondents established their entitlement to judgment as a matter of law relieving them from any liability in connection with the accident by asserting that the vehicle had been stolen by a third party some 24 days prior to the accident and was being operated without their permission or consent at the time of the collision. Since the plaintiff never disputed this assertion, but instead readily conceded that the theft had occurred, the burden of proof shifted to the plaintiff to demonstrate the existence of a genuine, material issue of fact warranting a trial (*see, Zuckerman v City of New York,* 49 NY2d 557). As the Supreme Court correctly observed, the plaintiff failed to present any evidence in admissible form to support his allegation that the respondents negligently facilitated the

theft of the automobile. Indeed, the plaintiff's submission was patently inadequate to withstand the motion (*see, Key Bank v Lisi,* 225 AD2d 669). While the plaintiff currently contends that certain deposition testimony raises an issue as to whether the keys were left in the vehicle in violation of Vehicle and Traffic Law § 1210 (a), review of the Supreme Court's file in this case demonstrates that this testimony was not submitted to the Supreme Court on the motion. Indeed, all counsel at oral argument on appeal conceded that the depositions were never presented to the Supreme Court for consideration. Hence, the inclusion of these documents by the appellant's attorney in the appendix prepared for this appeal contravenes both evidentiary and ethical standards (*see,* CPLR 5526, 5528 [a] [5]; 22 NYCRR 670.10 [c] [1]; Code of Professional Responsibility DR 7-106 [C] [1] [22 NYCRR 1200.37 (c) (1)]). Accordingly, the depositions constitute material dehors the record which cannot be considered on this appeal (*see, People v Kim,* 91 NY2d 407; *Matter of Anonymous,* 182 AD2d 617).

Finally, even if we were to accept the plaintiff's argument that the moving defendants negligently left the keys in the vehicle, it is clear that the passage of 24 days between the theft of the vehicle and the injury-producing event vitiated any proximate cause between the purported negligence and the accident as a matter of law (*see, Delfino v Ranieri,* 131 Misc 2d 600). One who inadvertently facilitates the theft of a vehicle by neglecting to comply with the statute is not answerable in perpetuity for the criminal and tortious conduct of others who may come into possession of the stolen vehicle in the distant future. O'Brien, J. P., Sullivan and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, on the law, and to deny the motion for summary judgment with the following memorandum: The appendix includes, *inter alia,* a police report, and the examinations before trial of the police officers and the respondents Kristen Lucci, Ciro Lucci, and Linda Lucci. The appellant's attorney, without objection, certified that those papers "are now on file in the Office of the Clerk of the County of Richmond". Those papers are referred to by both the appellant and the respondents in their briefs. No motion to strike portions of either the appendix or the briefs has been made.

At their examinations before trial, Kristen Lucci, Linda Lucci, and Ciro Lucci all acknowledged that, at the time the offending vehicle was stolen, a key to the vehicle was missing. Kristen Lucci was forced to use the spare key.

There was an "alarm box" attached to the missing key which

would open the doors automatically. Linda Lucci acknowledged that she used the missing key when she took the vehicle to go grocery shopping two days before the theft. When she arrived home, she opened the trunk of the vehicle to unload groceries. She did not recall locking the trunk, or returning the missing key to her desk drawer when she returned from shopping. When asked whether "there was any other way for the trunk to open without use of a key", she replied "probably not".

After the accident, when the stolen vehicle was recovered by the police, they noted that the steering column had not been tampered with, and a key was in the ignition, with an alarm hanging from it. Ciro Lucci acknowledged that the key in the car "looked like the same key" that was missing. He told the police that his wife Linda Lucci left the missing key hanging out of the trunk when she closed the trunk after returning home from shopping two days before the theft.

A sworn statement that the missing key was not left in or about the stolen vehicle would have been sufficient to satisfy the Luccis' burden of establishing prima facie their entitlement to judgment as a matter of law and shift the burden to the plaintiff to produce "some proof" of a violation of Vehicle and Traffic Law § 1210 (a) (see, Clay v Moss, 186 AD2d 780, 781). However, no such assertion was forthcoming from them. Indeed the respondents' attorney acknowledged that "some questions" could be raised "as to whether a set of keys were [sic] left on or about the stolen vehicle".

Further, Linda Lucci acknowledged at her deposition that she did not recall whether she removed the key from the trunk lock, and the defendant Ciro Lucci testified that the key found in the ignition of the stolen vehicle after it was recovered, looked like the missing key (see, Dougherty v Kinard, 215 AD2d 521). The police noted that the key had an alarm hanging from it, which fit the description of the missing key.

The relative weight to be accorded to this evidence is an issue for the jury (see, Shea v Johnson, 101 AD2d 1018). If a jury finds that Vehicle and Traffic Law § 1210 (a) was violated, that violation constitutes negligence per se (see, Ragona v Hamilton Hall Realty, 251 AD2d 391).

There is no artificial time limit for liability for negligent conduct. Rather, liability is limited based upon the doctrines of foreseeability and proximate cause (see, Palsgraf v Long Is. R. R. Co., 248 NY 339; Downing v B & B Mach. Repair, 178 AD2d 315). Indeed, the respondents acknowledged that the "only issue" in this case is whether "there is proximate cause between the original theft of this vehicle and the accident some twenty-four (24) days later".

With respect to proximate cause, the Supreme Court found that the alleged violation of Vehicle and Traffic Law § 1210 (a) was "too remote in time to impose liability", citing *Delfino v Ranieri* (131 Misc 2d 600, 605), which relied upon the decision of this Court in *Gee v Gee* (113 AD2d 736). However, in *Gee v Gee* (*supra*, at 737), this Court held that the plaintiff's argument that the defendants violated Vehicle and Traffic Law § 1210 (a) was not asserted in the complaint and was "without support in the record", and granted summary judgment without mentioning the lapse of time.

The alleged violation of Vehicle and Traffic Law § 1210 (a) constituted a proximate cause of the accident if it put in motion the sequence of events by which the plaintiff's injuries were inflicted (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520-521; *Schaeffer v Lipton,* 217 AD2d 845, 846). In the instant case, the police report states that the operator of the vehicle was a 16-year-old boy who was charged with criminal possession of stolen property and whose reckless driving caused the accident. These entries in the police report were sufficient to demonstrate an issue of fact as to proximate cause (*see, Shea v Johnson,* 101 AD2d 1018, *supra*). It is well settled that the fact that the injuries were caused by "the criminal conduct of a third person would not preclude a finding of 'proximate cause' if the intervening agency was itself a foreseeable hazard" (*Nallan v Helmsley-Spear, Inc., supra*, 520-521; *see, Guaspiri v Gorsky,* 36 AD2d 225, 229).