■ SYDNEY SUVALIN, Respondent, v ISAAC BATISTA et al., Defendants, SUN YUN NA, Appellant, and CITY OF NEW YORK, Respondent. [934 NYS2d 856]—

The appellant established, prima facie, his entitlement to judgment as a matter of law by presenting evidence that his vehicle had been stolen about three days prior to the subject accident and was being operated without his permission or consent at the time of the accident (*see Devellis v Lucci*, 266 AD2d 180 [1999]; *Delfino v Ranieri*, 131 Misc 2d 600 [1986]). In opposition, the respondents failed to raise a triable issue of fact. Even if the appellant violated Vehicle and Traffic Law § 1210 (a) on the day of the theft by leaving the key to the vehicle in its ignition, the lapse of three days between the theft of the vehicle and the injury-producing event vitiated any proximate cause between the appellant's purported negligence and the accident as a matter of law (*see Devellis v Lucci*, 266 AD2d 180 [1999]; *Delfino v Ranieri*, 131 Misc 2d 600 [1986]; *cf. Johnson v Manhattan & Bronx Surface Tr. Operating Auth.*, 71 NY2d 198, 206-207 [1988]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Dillon, J.P., Eng, Lott and Austin, JJ., concur.