■ PURLEY IMERSON, Individually and as Administrator of the Estate of LARRY IMERSON, Deceased, Appellant, v. CHARLES BENWAY, Respondent.— Appeal from an order of a Special Term, Supreme Court, Washington County. The complaint has been dismissed for insufficiency. The theory of the action is that defendant is liable to plaintiff because defendant left his automobile in such a " condition" that " it could be　*　*　*　operated by unauthorized persons"; that it was " unlawfully taken and operated" by a 15-year-old boy; that plaintiff's intestate, 16 years old, was with the boy who had thus taken defendant's car; and while plaintiff's intestate was driving it and attempting to escape police pursuit the car ran into a pole and he was killed. We see no liability here. Order unanimously affirmed, without costs.

■ In the Matter of the Dissolution of CLEMENTE BROS., INC., Appellant. SALVATORE F. CLEMENTE, Respondent; MARIA CLEMENTE et al., Appellants.— This is an appeal from an order to show cause issued by the Supreme Court pursuant to section 106 of the General Corporation Law. The petitioner is the owner of 50% of the stock of Clemente Bros., Inc., and initiated this proceeding seeking to bring about the dissolution of the corporation under article 9 of the General Corporation Law on the ground of deadlock in stockholders' votes. Maria Clemente owns the other 50% of the stock. The petition alleges that " the votes of the said holders of the common stock of Clemente Bros., Inc., have been and are so divided that they cannot elect a board of directors." (General Corporation Law, § 103.) Although at this stage of the proceeding notice to appellants was not required or given, both the corporation and the individual appellants appeared, were permitted to intervene, and moved to dismiss the petition for insufficiency. After numerous hearings the motion was denied, and the court, in the exercise of its discretion, granted the order to show cause and appointed a Referee to hear, after proper notice to all interested parties, the allegations and proofs of the parties. On its face the petition pictures a hopelessly deadlocked corporation, being managed solely by a group representing only 50% of the stockholders, with bitterness and reprisals between factions, inability to elect directors, and the existence of irreconcilable differences. On its face we think the petition is adequate to meet the technical requirements of article 9 of the General Corporation Law and give the court jurisdiction of the proceeding. Of course the order appealed from does not dissolve the corporation nor mean that it should be dissolved. It merely directs an inquiry into all the facts, and, before the corporation can be dissolved, the requirements of the statute and those set forth in *Matter of Seamerlin Operating Co.* [*Searing-Merlino*] (307 N. Y. 407) and *Matter of Radom & Neidorff* (307 N. Y. 1), must be met by proof. The court at Special Term had the power to grant the order directing a complete inquiry, and the exercise of its discretion in so doing should not be disturbed. Order unanimously affirmed, with $10 costs.