■ DOMINIC J. CATANESE et al., Respondents, v WAYNE WHITLOW, Defendant, and DARRELL J. MOORE, Appellant.—Order unanimously affirmed, with costs. Memorandum: Appellant Moore's automobile was left unattended with its ignition keys on the floor and was taken by defendant, Wayne Whitlow, who, while operating it, collided with and injured the occupants of the plaintiffs' vehicle. This appeal follows a denial of appellant Moore's motion for summary judgment at Special Term which concluded that there was present a question of fact concerning the applicability of section 1210 of the Vehicle and Traffic Law. We agree. The question presented is whether section 1210 of the Vehicle and Traffic Law applies. That statute provides that no person in charge of an auto shall permit it to stand unattended without removing the key from the vehicle, but it does not require the removal of keys hidden from sight for convenience or emergency. Were the statute to apply to appellant, the owner of the unattended vehicle, statutory liability may be imposed upon him for the damages incurred by plaintiffs. A finding that Moore failed to remove or hide the ignition keys is considered a link in the causative chain leading to plaintiffs' damages *(Guaspari v Gorsky,* 36 AD2d 225, app dsmd 29 NY2d 891). Two questions must be resolved before the applicability of section 1210 of the Vehicle and Traffic Law can be determined. First, was appellant Moore's vehicle parked on a public highway; if not, section 1210 does not apply because under section 1100 of the Vehicle and Traffic Law the provisions of title 9 (§ 1210 is a part thereof) apply only "upon highways and upon private roads open to public motor vehicle traffic" (Vehicle and Traffic Law, § 1100; *Podstupka v Brannon,* 81 Misc 2d 338, affd on opn at Trial Term 54 AD2d 692). After granting reargument, Special Term examined a map accompanying the deed to the Johnstone house where appellant Moore had parked his vehicle immediately prior to its being taken. It then held that there was a question of fact with respect to whether Moore's vehicle was on a public highway or private property when it was taken by defendant. Second, there is a question as to whether the keys were in fact "hidden from sight about the vehicle". Moore testified at an examination before trial that the keys, together with his wallet, were under the seat where he customarily left them when hunting or fishing. Whitlow testified at the same examination that he looked in the car and saw the keys "lying on the floor" and claimed

that the keys were not hidden. On cross-examination, Whitlow conceded that he had to put his head inside the window in order to see the keys, but he stated that he did not have to open the door. Nonetheless, Whitlow's testimony differs from Moore's on the question of whether the ignition keys were "hidden" and raises another fact issue which must be first resolved in order to determine the applicability of section 1210 of the Vehicle and Traffic Law. The testimony of Moore and Whitlow also creates a fact issue *(Padro v Knobloch,* 28 Misc 2d 898). The existence of these factual issues precludes the granting of summary judgment. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ.