■ JAMES BANELLIS, Appellant, v JOHN E. YACKEL, Respondent.—Judgment affirmed, without costs. Memorandum: Defendant parked his two-door automobile on a street next to a parking meter, removed the key from the ignition and placed it under a directory book about the size of a telephone book lying on the front seat, locked the door next to the curb and left the vehicle for the evening. On his return about four hours later, the automobile was missing, and he learned that it had been stolen and involved in an accident. Plaintiff, injured in the accident, brought action against defendant, asserting liability for violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. The question of defendant's liability under that section was tried separately. Defendant was the only witness called on the issue; and there is no dispute as to the facts. There is no evidence that the directory under which defendant hid the key was a particularly "desirable" article, especially attractive to a thief. Judicial notice may not be taken that it was such a "desirable" item. Since the key was completely hidden from view, we affirm on the authority of *Catanese v Whitlow* (59 AD2d 1057). All concur., except Dillon, P. J., and Callahan, J., who dissent and vote to reverse the judgment and grant a new trial, in the following memorandum.

Dillon, P. J., and Callahan, J. (dissenting). We dissent from the majority and would reverse and grant a new trial. Subdivision (a) of section 1210 of the Vehicle and Traffic Law mandates that no person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway, provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency. Plaintiff contends that the defendant Yackel failed to comply with subdivision (a) of section 1210 of the Vehicle and Traffic Law when he left his automobile unlocked on a public highway with the keys on the front seat and covered by a criss-cross directory. The trial court found that Yackel did not violate subdivision (a) of section 1210 of the Vehicle and Traffic Law and dismissed plaintiff's complaint at the end of plaintiff's proof.

Subdivision (a) of section 1210 was enacted to obviate the risk of theft and injurious movement of motor vehicles on the highways. Subdivision (a) of section 1210 was amended in 1967 to clarify the requirement that ignition keys must be removed "from the vehicle" not just from the ignition switch. In providing for an exception to the key removal requirement, it permitted keys to be concealed within the vehicle for convenience or emergency. This provision was intended to allow the motorist to conceal an ignition key about the car without violating section 1210 in the event of loss or misplacement of a primary ignition key. Defendant herein left his automobile unlocked and unattended with a radio in plain view on the rear seat and a desirable criss-cross directory in plain view on the front seat. These items prominently displayed were an open invitation for a thief. A removal of the radio and criss-cross directory from the vehicle awards the thief a set of keys and instant wheels. The enactment and purpose of this statute was designed to deter the precise events herein. The word hidden was never meant to mean merely covered but rather concealed in such a fashion as not to be readily discoverable by a prospective car thief *without extreme difficulty* (emphasis added) (NY Legis Ann, 1967, pp 205, 206). This court has determined that the issue of whether keys were in fact "hidden from sight about the vehicle" presents a question of fact for the jury to decide *(Catanese v Whitlow,* 59 AD2d 1057; *Guaspari v Gorsky,* 36 AD2d 225). Upon the completion of the proof, it was improper under the circumstances for the trial court to dismiss the complaint *(Cohen v Hallmark Cards,* 45 NY2d 493). (Appeal from judgment of Onondaga Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.