■ WILLIAM RUSHINK, as Administrator of the Estate of STEPHEN E. RUSHINK, Deceased, Respondent, v GEORGE F. GERSTHEIMER et al., Appellants. — Cross appeals from an order of the Supreme Court at Special Term (Miner, J.), entered October 21, 1980 in Sullivan County, which denied both plaintiff's and defendant's motions for summary judgment. On August 9, 1978, defendant Mary Jane Gerstheimer, a stenographer employed by the Letchworth Village Developmental Center, drove an automobile owned by her husband, defendant George F. Gerstheimer, to a pharmacy located on the grounds of the Middletown Psychiatric Center. After parking the automobile in front of the pharmacy, she left it unattended with the keys in the ignition. Moments later, Stephen E. Rushink, a resident patient at the facility, drove away in the vehicle and met his death soon thereafter when it left the road and struck a tree. After issue was joined, plaintiff moved at Special Term for summary judgment contending that there were no triable issues of fact since defendant Mary Jane Gerstheimer violated subdivision (a) of section 1210 of the Vehicle and Traffic Law and that the violation of the statute was the proximate cause of the occurrence. Defendants opposed the motion arguing that subdivision (a) of section 1210 of the Vehicle and Traffic Law is not applicable to the instant case and, assuming it was, that the alleged violation was not the proximate cause of plaintiff's decedent's accident. Defendants also moved for summary judgment to dismiss the complaint. Special Term denied both motions and these appeals ensued. Subdivision (a) of section 1210, which prohibits a person in charge of a vehicle from leaving it unattended without removing or hiding the key, was enacted to deter theft and injury from the operation of motor

vehicles by unauthorized persons (see *Banellis v Yackel,* 69 AD2d 1013, affd 49 NY2d 882; 8 NY Jur 2d, Automobiles, § 628, p 281). In our view, however, its provisions were plainly not designed to protect such unauthorized users from the consequences of their own actions (cf. *Imerson v Benway,* 12 AD2d 694). That plaintiff's decedent may not have been capable of forming a larcenous intent is irrelevant to our conclusion that he could not have been within the class of persons the enactment was meant to protect. Of course, redress for wrongs suffered by one under a legal disability may be pursued in a common-law negligence action wholly apart from statutory considerations. The instant complaint is sufficient to support such a cause of action and, since there are obvious factual issues to be resolved in determining defendants' liability, if any, the motions for summary judgment were properly denied. Order affirmed, without costs. Sweeney, Kane and Casey, JJ., concur.

Mahoney, P.J., and Weiss, J., concur in the following memorandum by Mahoney, P.J. Mahoney, P.J. (concurring). While we concur in the majority's holding that the order denying both plaintiff's and defendants' motions for summary judgment must be affirmed, we cannot accept the view that subdivision (a) of section 1210 of the Vehicle and Traffic Law does not create a class of persons entitled to be protected by the statute, and, further, that plaintiff's decedent is not among its membership. In recommending the enactment of section 1210, the Joint Legislative Committee on Motor Vehicle Problems stated that the proposed law was "designed to obviate the risk of a vehicle moving from the place where it was left parked and possibly injuring the person or property of others as well as itself being damaged. It serves to lessen the likelihood of theft" (NY Legis Doc, 1954, No. 36, pp 106-107). Since at common law the owner was not liable, as a matter of law, for the negligence of a thief, on the basis that the use of the car by the thief intervened between the occurrence of the negligence of the owner and the unskillful operation of the car by the thief *(Walter v Bond,* 267 App Div 779, affd 292 NY 574; *Mann v Parshall,* 229 App Div 366), the statute changed the common law and made it clear that the intervention of an unauthorized person no longer operates to break the chain of causation. Where, as here, the legislative intent to protect the public generally from the consequences that foreseeably flow from unauthorized use of motor vehicles is clear, and, again as here, the violation of subdivision (a) of section 1210 is undisputed, it is patently unfair to deny to plaintiff the evidentiary weight of such violation and leave him to the more vigorous burden of establishing common-law negligence.