■ KAREN B. MOCCIARO, as Limited Administratrix of the Estate of DONALD BROWN, Deceased, Respondent, v JOSEPH LOPERGOLO, Appellant, et al., Defendants.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: Defendant Joseph Lopergolo appeals from the denial of his summary judgment motion in this action in which plaintiff seeks to impose liability on him for the death of her 15-year-old intestate on theories of common-law negligence and violation of Vehicle and Traffic Law § 1210. We reverse.

It is undisputed that decedent participated in the theft and unauthorized use of Lopergolo's car and that, although decedent did not drive the car, his death resulted from its negligent operation by his accomplice. It is also undisputed that defendant left his car unattended, with the motor running and the doors unlocked, while he shopped. Plaintiff has no cause of action for common-law negligence since "[a]t common law the owner was not liable, as a matter of law, for the negligence of a thief, on the basis that the use of the car by the thief intervened between the occurrence of the negligence of the owner and the unskillful driving of the car by the thief" (Guaspari v Gorsky, 36 AD2d 225, 228, appeal dismissed 29 NY2d 891; see, Walter v Bond, 267 App Div 779, affd 292 NY 574; Mann v Parshall, 229 App Div 366). Further, although section 1210, enacted in 1954, changed the common law so that the intervention of an unauthorized person no longer operates to break the chain of causation (see, Guaspari v Gorsky, supra), the section was not designed to protect "unauthorized users from the consequences of their own actions" (Rushink v Gerstheimer, 82 AD2d 944, 945). In order to base

an action upon the violation of a statute, "the person seeking to recover damages must come within the scope of the statutory protection" (41 NY Jur, Negligence, § 44, at 60) and must bring himself within the class to be protected *(see, Lopes v Rostad,* 45 NY2d 617, 623; *see also,* Prosser, Torts § 36, at 194 [4th ed]). The legislative history of section 1210 does not permit a conclusion that the Legislature intended to abrogate that portion of the common-law rule which denied recovery to thieves for the consequences of their own actions *(see,* 1954 NY Legis Doc No. 36, at 106-107). In our view, plaintiff does not represent a member of the class designed to be protected by the statute so that her claim for a breach of a statutory duty must fall. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.