■ VERNICE E. PHIFER, as Administratrix of ROBERT S.L. PHIFER, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 83438.) [612 NYS2d 225] —In a claim to recover damages for wrongful death, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered March 26, 1994, which (1) granted the defendants' motion for summary judgment dismissing her claim, and (2) denied her cross motion for further discovery.

Ordered that the order is affirmed, with costs.

The claimant failed to refute evidence provided by deposition testimony and police reports that the claimant's decedent, while intoxicated, stole a State-owned vehicle from the grounds of the Kings Park Psychiatric Center. The decedent crashed the vehicle into a tree shortly thereafter, and sustained fatal injuries.

We find that the court properly dismissed the claim based upon common-law negligence against the defendants, since the owner of a stolen vehicle is not liable, as a matter of law, for

the negligence of a thief *(see, Epstein v Mediterranean Motors,* 109 AD2d 340, *affd* 66 NY2d 1018; *see also, Koenig v Price,* 200 AD2d 559; *Howard v Kiskiel,* 152 AD2d 950; *Mocciaro v Lopergolo,* 125 AD2d 974).

Moreover, the court properly dismissed the claim based on a violation of Vehicle and Traffic Law § 1210 (a) since the decedent was not within the class of persons the statute was designed to protect *(see, Mocciaro v Lopergolo, supra; Rushink v Gerstheimer,* 82 AD2d 944). Public policy "generally denies judicial relief to those injured in the course of committing a serious criminal act" *(Barker v Kallash,* 63 NY2d 19, 24; *see also, Tillmon v New York City Hous. Auth.,* 203 AD2d 19; *La Page v Smith,* 166 AD2d 831).

Under the circumstances, the claimant's request for further discovery was properly denied. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.