Ramirez v Teixeira Bakery (2025 NY Slip Op 06921)

Ramirez v Teixeira Bakery

2025 NY Slip Op 06921

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 450691/19|Appeal No. 5371|Case No. 2024-05469|

[*1]Miguel Ramirez, Plaintiff-Appellant-Respondent,
v
Teixeira Bakery et al., Defendants-Respondents-Appellants, John Doe, the Driver Whose Identity is Unknown, et al., Defendants.

DSR Appeals, Montrose (Daniel S. Ratner of counsel), for appellant-respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 26, 2024, which, to the extent appealed and cross-appealed from, denied defendants Teixeira Bakery and Antonio Silva's (together, defendants) motion for summary judgment dismissing the second amended complaint, and denied plaintiff's cross-motion, in effect, for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
The underlying facts are not in dispute. At all relevant times, Silva was employed by Teixeira Bakery as a delivery driver. Silva is domiciled in New Jersey, and Teixeira Bakery is located in New Jersey. Silva's typical delivery route included stops in Elizabeth, New Jersey, and over 40 stops in New York City. After picking up his box truck from Teixeira Bakery, Silva stopped at a gas station in Ridgefield Park, New Jersey, to buy a bottle of water. He had frequented this gas station previously when traveling to New York. He parked his truck some feet from the gas station's entrance and exited the truck, but left the keys in the ignition, possibly also with the engine running. This was Silva's custom and practice when he made short stops in "a good area," even though he knew that company policy required him to take the keys with him and that he should take the keys with him to prevent the truck from being stolen. After being in the gas station for about 30 seconds, Silva noticed that his truck was being stolen. The truck was later found abandoned and damaged near the New York side of the George Washington Bridge. It was later learned that the thief had struck plaintiff — a laborer, domiciled in New York, working on a roadway project on the southbound Harlem River Drive — while driving the stolen truck. To date, the thief has been neither identified nor apprehended.
As relevant here, plaintiff alleges that defendants were negligent in allowing their truck to be stolen. The issue is whether this tort is governed by New York or New Jersey law. In New York, Vehicle and Traffic Law § 1210 (a) forbids drivers from leaving vehicles "unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon[,]" a violation of which constitutes negligence per se (see e.g. Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, 206-207 [1988]; Banellis v Yackel, 49 NY2d 882 [1980], affg 69 AD2d 1013 [4th Dept 1979]). In New Jersey, however, no such statute exists; instead, the inquiry is whether the defendants "should have foreseen that the leaving of [their] automobile unattended under the circumstances . . . unreasonably increased the hazard of its theft and subsequent mishandling[,] particularly where that hazard could have so easily been substantially reduced, if not entirely eliminated, by" removing the keys from the ignition, "a minimal burden at worst" (Hill v Yaskin, 75 NJ 139, 148, 380 A2d 1107, 1111 [1977]; see id. at 144-145, 380 A2d at 1110). Thus, we agree with the parties and Supreme Court that there exists in this case "an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; see Elmaliach v Bank of China Ltd., 110 AD3d 192, 200 [1st Dept 2013], appeal withdrawn 26 NY3d 964 [2015]).
Because the law at issue is conduct-regulating (see Schultz v Boy Scouts of Am., 65 NY2d 189, 198 [1985]) and the locus of the tort was in New Jersey, this ultimately compels the conclusion that New Jersey law governs plaintiff's negligence claim against defendants (see Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [1994]). Defendants are New Jersey domiciliaries while plaintiff is a New York domiciliary. Plaintiff undeniably was injured in New York, but plaintiff does not allege defendants' negligence in the use or operation of their truck at the time of the accident — nor could he, because there is no evidence that the thief ever had defendants' permission to use or operate the truck (see Vehicle and Traffic Law § 388 [1]). Instead, plaintiff alleges that defendants were negligent in allowing their truck to be stolen. When, as here, "the defendant's negligent conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred" (Schultz, 65 NY2d at 195). In this case, that event was Silva leaving his truck unlocked with the keys in the ignition when he went into the gas station — an event that occurred in New Jersey.
Accordingly, under New Jersey law, in order to establish their prima facie entitlement to summary judgment dismissing the complaint as against them, defendants were required to demonstrate that the unreasonably enhanced hazard of their truck being stolen from the gas station was not reasonably foreseeable (see Zinck v Whelan, 120 NJ Super 432, 445, 294 A2d 727, 734 [App Div 1972]). Silva's testimony that he had frequented this gas station in the past was insufficient to meet defendants' prima facie burden. Therefore, defendants' motion was properly denied, regardless of the sufficiency of plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Insofar as plaintiff did not argue to the court, and does not argue on appeal, that he is entitled to partial summary judgment on the issue of liability under New Jersey law, his cross-motion was also properly denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025