■ CHARLES FIEDLER, Appellant, v JACK SCHEFER, Respondent, et al., Defendants.—In a mortgage foreclosure action, plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 13, 1976, which denied his motion for summary judgment as against respondent Jack Schefer. Order reversed, on the law, with $50 costs and disbursements, motion granted, and respondent's answer, including all counterclaims asserted therein, is stricken. In our opinion, plaintiff established by competent evidence that he lawfully accelerated the mortgage (by letter dated October 21, 1975) due to respondent's failure to pay the mortgage installment due October 1, 1975, or within the 15-day grace period, and that plaintiff further lawfully accelerated the mortgage for the additional reason of respondent's failure to pay the 1975–1976 school tax within 30 days of plaintiff's notice to him, dated December 4, 1975. We find respondent's contentions without evidentiary or legal merit, and conclude that there are no triable issues of fact (see *Graf v Hope Bldg. Corp.,* 254 NY 1). We note, for example, that even accepting respondent's contention that plaintiff extended his time for payment of the October installment so that the second portion thereof would be due by October 25, respondent's letter containing that check was postmarked November 3, 1975—i.e., 13 days after plaintiff's acceleration letter and 9 days after the October 25, 1975 deadline. We note further that although respondent alleges a long prior course of dealing under which plaintiff accepted late payments, he did not submit any canceled checks to substantiate that claim, just as he did not present any canceled check or paid receipt to show that (as required) he had paid the 1975–1976 school tax within the 30-day grace period. Similarly, although respondent contended that plaintiff has been vilifying him to his business customers, and soliciting work from those customers, insofar as appears from this record, these claims are unsubstantiated hearsay, there being no written evidence or customer affidavits to substantiate them. Finally, we find no substantiating evidence that plaintiff was legally and factually responsible for the bulkhead and cesspool damage or that he fraudulently concealed defects from

one of the purchasers of the property—the respondent, the other purchaser being defendant Ruth Ann Schefer, plaintiff's own granddaughter. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.