■ DONALD G. HAUSSMANN, Respondent, v H. EDWARD HESS, Appellant.—Order of the Supreme Court, Suffolk County, dated May 15, 1978, affirmed, without costs or disbursements. No opinion. Appeal from order of the same court dated July 7, 1978 dismissed, without costs or disbursements. No appeal lies from an order denying a motion to reargue. While defendant denominated the motion as one to renew, we have examined the papers and agree with Special Term that the motion was actually for reargument. Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.

■ ERIC LEVOR, Appellant, v MARTIN LEVOR et al., Respondents.— Order of the Supreme Court, Queens County, dated November 20, 1978, affirmed, with $50 costs and disbursements. No opinion. Time to replead is hereby extended until 20 days after entry of the order to be made hereon. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ JOHN LONERO et al., Doing Business as LONERO STUDIO, Appellants, v KEWAUNEE SCIENTIFIC EQUIPMENT CORPORATION, Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated February 3, 1978, as, upon granting their motion for reargument of their prior motion for summary judgment, denied their motion, granted judgment in favor of defendant and dismissed the complaint. Order reversed insofar as appealed from, with $50 costs and disbursements, and summary judgment is denied to both parties. The key to summary judgment is issue finding rather than issue determination (see *Esteve v Abad,* 271 App Div 725). In the present action an agreement was entered into whereby the appellants were to prepare a catalogue for the respondent. Upon acceptance of the catalogue they were to receive $5,000. They were also to receive 1% of the total sales of equipment of the type advertised in the catalogue. The appellants prepared the catalogue and were paid $5,000. Subsequently, the respondent decided, as a business judgment, not to print, publish or distribute the catalogue. Although there was no express obligation to print the catalogue the appellants claim that the obligation was implied under the agreement. There are questions of fact with respect to the agreement and its meaning and thus summary judgment is not warranted. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.