■ MARINE MIDLAND BANK, N. A., Respondent, v SAMUEL M. BERLEY et al., Defendants, and MICHELI CONTRACTING CORPORATION et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 16, 1981 in Albany County, which, *inter alia,* granted plaintiff's motion for a severance pursuant to CPLR 603. In March of 1976, plaintiff Marine Midland Bank, N.A., commenced the underlying action herein to foreclose a single mortgage securing six notes in the total amount of $488,134.30. On its face, the mortgage was executed by defendant Fairwood Associates, a limited partnership with two general partners Samuel M. Berley and David B. Berley, defendant Carleton Construction Company, a partnership consisting of Samuel M. Berley and David B. Berley, defendant Carleton Construction Corporation, and defendant Samuel M. Berley, individually. Thereafter, Samuel M. Berley, David B. Berley, Carleton Construction Company and Carleton Construction Corporation all defaulted in serving answers and did not appear in the action, but Fairwood Associates, which plaintiff alleges is liable on four of the six notes for a total sum of $178,134.30, did serve an answer wherein it asserted numerous affirmative defenses contesting its liability on the four notes and the validity of its alleged execution of the mortgage. The action was then largely inactive until March 3, 1981 when defendants Micheli Contracting Corporation (Micheli) and Fraim's House of Carpets, Inc. (Fraim's), mechanic's lienors upon the property subject to the mortgage, served interrogatories upon Fairwood Associates. When Fairwood Associates failed to respond to the interrogatories, these defendants obtained an order from Special Term (Klein, J.), dated August 17, 1981, compelling such discovery. In the meantime, in a decision dated July 29, 1981 and later confirmed in an order signed October 13, 1981, Special Term (Cholakis, J.), granted a motion by plaintiff for an order, pursuant to CPLR 603, severing its causes of action and claims against Fairwood Associates from its causes of action and claims against the remaining defendants, and the instant appeal by defendants Micheli and Fraim's ensued. Upon application by Fairwood Associates, Special Term (Klein, J.), in a decision dated November 18, 1981 then agreed to stay enforcement of the earlier order compelling discovery pending the determination of this appeal. The challenged order should be affirmed. Upon the present record, it is established and uncontested that Fairwood Associates has no ownership interest in the land subject to the mortgage, and consequently, it is clearly not a necessary party in the foreclosure action wherein the relief sought by plaintiff is the sale of the premises. Moreover, it likewise seems obvious that unnecessary delay in the foreclosure action which would be prejudicial to plaintiff by further postponing the foreclosure sales of

the premises can be avoided by the severance. This result would allow the foreclosure action to go forward against the defaulting defendants to a quicker disposition without the need to wait for the litigation of plaintiff's claims against Fairwood Associates on the notes, and defendants Micheli and Fraim's cannot persuasively argue that they have been unduly prejudiced in the foreclosure action by the severance therefrom of claims against Fairwood Associates which are irrelevant to that action. Given these circumstances, we conclude that Special Term did not abuse its discretion under CPLR 603 when it granted the severance. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.