■ MARINE MIDLAND BANK, N. A., Appellant, v MICHELI CONTRACTING CORPORATION et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered March 26, 1982 in Albany

County, which denied plaintiff's motion for summary judgment and other relief. Plaintiff herein commenced a single foreclosure action. All of the defendants alleged in the complaint to be liable on the indebtedness (six promissory notes) secured by the mortgage defaulted in serving an answer with the exception of Fairwood Associates, which served an answer containing affirmative defenses and a counterclaim. Plaintiff moved for a severance of its claims against Fairwood Associates on four of the notes from the main foreclosure action. This severance was granted (see *Marine Midland Bank v Berley,* 90 AD2d 646). Thereafter plaintiff moved for summary judgment in the main action and at the same time for leave to enter a default judgment against the parties who were in default for more than a year. Two defendants, Micheli Contracting Corporation and Fraim's House of Carpets, Inc., both mechanics' lienors, opposed the motions by filing verified answers containing only general denials and an affidavit of their attorney, Michael Costello. This affidavit related only to interrogatories which had been served in the original action. Special Term, finding plaintiff's papers insufficient, denied plaintiff's motion for summary judgment. This appeal followed. The order entered at Special Term should be reversed and the motions for summary judgment and for leave to enter a judgment against those parties to the action in default for more than a year granted. We find plaintiff's papers submitted on the motions sufficient to entitle plaintiff to the relief requested. In support of its motion, plaintiff submitted a complaint verified by an officer having knowledge of its contents, and other papers sworn to by persons having knowledge of the facts. The affidavit submitted in opposition and the general denial are clearly insufficient to raise an issue of fact (see *Gould v McBride,* 36 AD2d 706; *Di Sabato v Soffes,* 9 AD2d 297). The four promissory notes referred to in plaintiff's affidavits are the subject of the severed action. They were not relevant to this action and the other two notes were for the maximum amount secured by the mortgage, $310,000. Plaintiff was entitled to the summary relief requested (*Fiedler v Schefer,* 54 AD2d 751). Order reversed, on the law, with costs, motion for summary judgment granted, and motion for leave to enter a default judgment against those parties defendant in default for more than one year granted. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.