■ MARINE MIDLAND BANK, N. A., Respondent-Appellant, v FAIRWOOD ASSOCIATES, Appellant-Respondent.—Kane, J. P. Cross appeals from an order of the Supreme Court at Special Term (Conway, J.), entered August 30, 1985 in Albany County, which denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.

Defendant is a New York limited partnership formed to construct and operate apartments in the Town of Guilderland, Albany County. Plaintiff commenced the instant action in 1976 to, *inter alia,* recover the balance due on four promissory notes executed in defendant's name by defendant's former managing general partners, David and Samuel Berley. At its initiation, the instant case included claims against other defendants and sought foreclosure of a mortgage on property involved in the apartment complex in Guilderland. Claims against the other defendants were severed from the instant claim by Special Term and this court affirmed *(Marine Midland Bank v Berley,* 90 AD2d 646).

In January 1975, plaintiff issued two irrevocable letters of credit for a total of $186,974 to Marine Midland Realty Credit Corporation (hereinafter Marine Realty), as beneficiary for defendant's account.* The apartment project apparently experienced cash flow problems during this period of time and Marine Realty drew on the letters four times. Accordingly, plaintiff credited the amount of each draft to defendant's account and paid these amounts from that account to Marine Realty. Pursuant to these transactions, the Berleys executed four separate "secured" promissory notes to plaintiff during 1975 in defendant's name. With the exception of two minor payments on one note, defendant has failed to repay the loans and plaintiff commenced this action.

In May 1985, plaintiff moved for an order dismissing defendant's answer and for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint, claiming, *inter alia,* that the Berleys did not possess authority to borrow on the partnership's behalf for the purpose which they borrowed and that the interest rates on the notes in question were usurious. Finding that there existed material issues of fact, Special Term denied both parties' motions for summary judgment. The instant cross appeals ensued.

---

* Two earlier letters of credit issued in the Berleys' own names were apparently allowed to lapse. Apparently, plaintiff and Marine Realty are separate corporate entities.

The primary issue in the instant litigation is whether the Berleys, as defendant's managing general partners, had the authority to issue the four promissory notes in defendant's name. Plaintiff asserts that such authority existed and/or that defendant ratified the Berleys' actions, while defendant claims that no such authority existed and that it did not ratify the issuance of the promissory notes. Each party claims that the proof supports its side and that no material issues of fact exist with respect to the question of authority which prevent the grant of summary judgment. A review of the record, however, reveals numerous issues of fact with respect to the question of authority which prevent the grant of summary judgment. Specifically, the record fails to reveal with any certainty the purpose for which the sums in question were borrowed. Consequently, since the Berleys had actual authority to borrow money for certain purposes under the terms of the partnership agreement, we are unable to ascertain at this juncture whether the Berleys had actual authority to execute the subject notes on behalf of defendant. Further, there exist questions of fact with respect to the authority granted the Berleys under the agreement (see, Lonero v Kewaunee Scientific Equip. Corp., 69 AD2d 852). Moreover, even if the Berleys lacked actual authority, questions of fact exist as to whether the Berleys could bind defendant pursuant to the doctrine of apparent authority and/or ratification (see, Partnership Law § 20; 16 NY Jur 2d, Business Relationships, §§ 1377-1381, 1384, at 87-90, 92). Quite simply, the record is not sufficiently developed through discovery or otherwise with respect to the above issues.

Next, we are unable to grant summary judgment concerning the usury defense since both sides present differing figures, purportedly representing the pertinent Federal Reserve rates.

In closing, we note that plaintiff may not for the first time on appeal raise the theory of relief premised on unjust enrichment (see, Arnold v New City Condominiums Corp., 88 AD2d 578). The order should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.