■ FARRELL BUILDING CO., INC., Respondent, v SHINNECOCK ELECTRIC, INC., Appellant. [895 NYS2d 840]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 8, 2008, as granted the plaintiff's motion for summary judgment on the issue of liability, and (2) so much of an order of the same court dated September 22, 2009, as denied its motion for leave to reargue.

Ordered that the appeal from the order dated September 22, 2009, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 8, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, a general contractor, commenced this action against the defendant, an electrical subcontractor, to recover damages for breach of contract. According to the plaintiff, the defendant failed to complete the electrical work it contracted to perform on two residential construction projects. The plaintiff moved for summary judgment on the issue of liability, asserting that it was forced to retain, at additional expense, other subcontractors to complete the electrical work for the subject construction projects when the defendant abandoned the projects.

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In this regard, it is undisputed that the defendant unilaterally terminated the contract without notice and intentionally abandoned the subject construction projects. In opposition, the defendant failed to raise a triable issue of fact (*see Tri-Mar Contrs. v Itco Drywall*, 74 AD2d 601, 602 [1980]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.

The defendant's remaining contention is without merit. Rivera, J.P., Covello, Miller and Chambers, JJ., concur.