LYNN M. WOOD, Respondent, v CAPITAL ONE FINANCIAL CORP. et al., Appellants. [919 NYS2d 863]—

The plaintiff brought this action seeking damages, among other things, for breach of contract in connection with a stock plan for which employees of North Fork Bank were eligible. The defendants contended that the plaintiff was not an "employee" within the meaning of the stock plan on the date her rights under the stock plan vested. Before discovery, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. After the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), the defendants failed to raise a triable issue of fact in opposition (*see Farrell Bldg. Co., Inc. v Shinnecock Elec., Inc.*, 71 AD3d 821 [2010]; *Suraleb, Inc. v International Trade Club, Inc.*, 13 AD3d 612, 613 [2004]). Moreover, the defendants failed to establish that the motion should have been denied pending discovery. The defendants failed to demonstrate that further discovery would

lead to additional relevant evidence (*see* CPLR 3212 [f]; *Lambert v Bracco*, 18 AD3d 619, 620 [2005]). The defendants' remaining contention, which relates to the third cause of action, is raised for the first time on appeal, and thus we decline to consider it (*see Wexelbaum v Jean*, 80 AD3d 756 [2011]; *cf. Misicki v Caradonna*, 12 NY3d 511, 519 [2009]; *Matter of State Farm Mut. Auto. Ins. Co. v Olsen*, 22 AD3d 673, 674 [2005]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.