(May 31, 2011)

■ ABRAHAM NATURAL FOODS CORP., Appellant, v MOUNT VERNON FIRE INSURANCE COMPANY, Respondent, et al., Defendants. (And a Third-Party Action.) [924 NYS2d 171]—

In an action for a judgment declaring that the defendant Mount Vernon Fire Insurance Company is obligated to defend

and indemnify the plaintiff in an underlying action entitled *Boogaerts v Abraham Natural Foods Corp.*, commenced in the Supreme Court, Queens County, under index No. 1018/03, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 12, 2010, which denied its cross motion for summary judgment on the complaint and granted the motion of the defendant Mount Vernon Fire Insurance Company, in effect, for summary judgment in its favor on the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Mount Vernon Fire Insurance Company has no duty to defend or indemnify the plaintiff in the underlying action.

An insurer may disclaim coverage for a loss which occurred prior to the inception of an insurance policy and which was fully known to the insured before the commencement of coverage (*see* Insurance Law § 1101 [a] [1], [2]; *Henry Modell & Co. v General Ins. Co. of Trieste & Venice*, 193 AD2d 412, 412-413 [1993]; *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v Stroh Cos., Inc.*, 265 F3d 97, 106 [2001]; *Stonewall Ins. Co. v Asbestos Claims Mgt. Corp.*, 73 F3d 1178 [1995]). Here, the defendant Mount Vernon Fire Insurance Company (hereinafter Mount Vernon) demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff became aware of the loss in the underlying action prior to the date the subject policy was issued. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the court properly granted Mount Vernon's motion, in effect, for summary judgment in its favor on the complaint insofar as asserted against it.

Contrary to the plaintiff's contention, Mount Vernon's motion for summary judgment was not premature, since the plaintiff failed to demonstrate that further discovery might lead to relevant evidence (*see Wood v Capital One Fin. Corp.*, 82 AD3d 1214 [2011]; *Bukharetsky v Court St. Off. Supplies, Inc.*, 82 AD3d 812 [2011]).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that Mount Vernon is not obligated to defend or indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.