■ LAURA ROHR, Respondent, v CITY OF NEW YORK, Respondent, and SUN YUN NA, Appellant, et al., Defendants. [934 NYS2d 857]—

On February 28, 2008, at approximately 1:00 A.M., the plaintiff, Laura Rohr, was a passenger in a vehicle owned by the defendant Desmond Hunte and operated by the defendant Sydney Suvalin. The Suvalin/Hunte vehicle was struck from the rear by a vehicle owned by the defendant Sun Yun Na (hereinafter the appellant) and operated by the defendant Isaac Batista. On February 25, 2008, the appellant had reported his vehicle stolen. The plaintiff commenced this action against, among others, the appellant. The appellant moved for summary judgment

dismissing the complaint and all cross claims insofar as asserted against him, and the Supreme Court denied the motion.

The appellant established, prima facie, his entitlement to judgment as a matter of law by presenting evidence that his vehicle had been stolen about three days prior to the subject accident and was being operated without his permission or consent at the time of the accident (*see Devellis v Lucci*, 266 AD2d 180 [1999]; *Delfino v Ranieri*, 131 Misc 2d 600 [1986]). In opposition, the respondents failed to raise a triable issue of fact. Even if the appellant violated Vehicle and Traffic Law § 1210 (a) on the day of the theft by leaving the key to the vehicle in its ignition, the lapse of three days between the theft of the vehicle and the injury-producing event vitiated any proximate cause between the appellant's purported negligence and the accident as a matter of law (*see Devellis v Lucci*, 266 AD2d 180 [1999]; *Delfino v Ranieri*, 131 Misc 2d 600 [1986]; *cf. Johnson v Manhattan & Bronx Surface Tr. Operating Auth.*, 71 NY2d 198, 206-207 [1988]). Contrary to the plaintiff's contention, the motion was not premature, since she failed to demonstrate that further discovery would lead to additional relevant evidence (*see* CPLR 3212 [f]; *Abraham Natural Foods Corp. v Mount Vernon Fire Ins. Co.*, 84 AD3d 1281 [2011]; *Wood v Capital One Fin. Corp.*, 82 AD3d 1214 [2011]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Dillon, J.P., Eng, Lott and Austin, JJ., concur.