In an action to recover in quantum meruit, the plaintiff ap *726 peals from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered October 4, 2011, which, upon a decision of the same court dated September 26, 2011, made after a nonjury trial, is in favor of the defendant and against it on the defendant’s counterclaim alleging breach of contract in the principal sum of $99,370.92.
Ordered that the judgment is modified, on the law, by reducing the award from the principal sum of $99,370.92 to the principal sum of $4,370.92; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds “warranted by the facts,” bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
The Supreme Court properly found that the plaintiff failed to establish a claim in quantum meruit. The plaintiff could not recover in quantum meruit in light of the existence of an enforceable contract governing the subject matter (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]; cf. A. Montilli Plumbing & Heating Corp. v Valentino, 90 AD3d 961, 962 [2011]; Wehrum v Illmensee, 74 AD3d 796, 797 [2010]).
The Supreme Court properly determined that the defendant was entitled to recover damages from the plaintiff on its counterclaim alleging breach of contract. The defendant showed, by a preponderance of the credible evidence, that the plaintiff breached its contract with the defendant (see Tri-Mar Contrs. v Itco Drywall, 74 AD2d 601, 602 [1980]). Consequently, the defendant is entitled to be made whole and should recover the cost of completing the work that was the subject of the contract and correcting the defects in the plaintiffs work (see Kaufman v Le Curt Constr. Corp., 196 AD2d 577, 578 [1993]; Tri-Mar Contrs. v Itco Drywall, 74 AD2d at 602-603). At the same time, the plaintiff may set off, against the defendant’s recovery, the unpaid balance of what was due to it under the contract (see Tri-Mar Contrs. v Itco Drywall, 74 AD2d at 603). Here, we determine that the defendant was entitled to recover the principal sum of $4,370.92, representing the difference between the contract price and the defendant’s total cost, and we modify the judgment accordingly (id.).
*727 The plaintiffs remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.