Guzman v City of New York (2024 NY Slip Op 03456)

Guzman v City of New York

2024 NY Slip Op 03456

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 155590/15 Appeal No. 2544-2545 Case No. 2023-01495, 2023-04387 

[*1]Eduardo Guzman, Appellant,
v
The City of New York et al., Respondents, "John Doe" etc., et al., Defendants.

Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), for appellant.
Scahill Law Group P.C., Bethpage (Gerard Ferrara of counsel), for Palabras De Rome Entertainment, Inc. for respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip Young of counsel), for Municipal respondents.

Judgment, Supreme Court, New York County (Adam Silvera, J.), entered August 30, 2023, dismissing the complaint as against defendants City of New York and the New York City Police Department (NYPD) (collectively, the City), and defendant Palabras de Rome Entertainment, unanimously affirmed, without costs. Appeal from judgment unanimously dismissed, without costs, insofar as it purports to appeal the sua sponte order, same court and Justice, entered on or about April 25, 2023, dismissing the complaint as against defendant Kelber Cabrera. Appeal from order, same court (J. Machelle Sweeting, J.), entered on or about October 19, 2022, which granted the City's motion for summary judgment motion dismissing the complaint as against it, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff's injuries arose from an incident in which defendant Kelber Cabrera stole a vehicle belonging to defendant Palabras De Rome Entertainment. A few days after the theft, NYPD detectives noticed the stolen vehicle while on patrol and pursued Cabrera, who hit plaintiff's vehicle while fleeing the detectives. Plaintiff seeks to recover damages for injuries he sustained because of the accident.
The court properly found that the City was entitled to summary judgment dismissing the complaint, as it showed, prima facie, that the detectives' pursuit of the stolen vehicle was not culpable under either the ordinary negligence standard or the reckless disregard standard of Vehicle and Traffic Law § 1104. Plaintiff failed to raise an issue of fact in opposition. Plaintiff did not submit any evidence to show that the detectives were negligent in pursuing Cabrera, nor has he identified any other negligent conduct by the detectives. Further, under the reckless disregard standard, "nothing in the record is sufficient to raise an issue of fact as to whether the police officers engaged in reckless conduct by intentionally doing an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Rodriguez v City of New York, 105 AD3d 623, 625 [1st Dept 2013] [internal quotation marks omitted]; see also Fuchs v City of New York, 186 AD3d 459 [2d Dept 2020]).
Supreme Court's award of summary judgment to Palabras is properly before us as a nonfinal order that necessarily affects the final judgment from which plaintiff appealed (see CPLR 5501[a][1]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 42-43 [2012]). Palabras also established its entitlement to summary judgment dismissing the complaint as against it. The accident was too remote from the theft of the vehicle, vitiating proximate cause as a matter of law even if Vehicle and Traffic Law § 1210 is applicable (see Rohr v City of New York, 90 AD3d 1013, 1014 [2d Dept 2011], lv denied 19 NY3d 802 [2012]).
Plaintiff's assertion that the appeal from the judgment brings up for review Supreme Court's sua sponte [*2]order dismissing the complaint as against Cabrera is meritless. There is no right of appeal from a judgment that is based on a sua sponte order (see Livathinos v Vaughan, 147 AD3d 441[1st Dept 2017]; Hladun-Goldmann v Rentsch Assoc., 8 AD3d 73, 73 [1st Dept 2004]; cf. CPLR 3215[c]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024